NORTHLAND BOTTLING COMPANY, Appellant, vs. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

*February 5—February 28, 1958.*

For the appellant there were briefs by *Strehlow & Cranston* and *Kaftan, Kaftan & Kaftan,* all of Green Bay, and oral argument by *Fred F. Kaftan.*

For the respondent there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *John C. Whitney.*

BROWN, J. The first question is whether plaintiff's loss is "occasioned" or "caused by" burglary. It is quite obvious that damage to the office safe caused by the burglar's effort to break into it is such an insured risk. So, too, is damage and destruction incident to smashing desks or other receptacles where valuables might be kept. Defendant does not

deny such coverage. But there was a great deal of wanton destruction which cannot be attributed to the burglar's attempt to carry off the property so damaged or to facilitate the abstraction of any other property. Defendant submits that such loss is due to pure vandalism and is not occasioned or caused by any felonious abstraction of property or attempt thereat.

The policy prepared by defendant is to be construed against it in case of doubt or ambiguity. *Vaudreuil Lumber Co. v. Aetna Casualty & Surety Co.* (1930), 201 Wis. 518, 230 N. W. 704.

The property on which plaintiff claims a loss was damaged or destroyed during an admitted burglary. The occasion, the cause, of the offender's presence in plaintiff's plant and office was to commit the burglary. We consider that his purpose in entering the premises was the occasion and the cause, under the terms of the policy, of what he did there, senseless and wanton as much of it appears to be. At least, the meaning of the words "occasioned" and "caused by" as used in the policy is sufficiently ambiguous and doubtful to bear that interpretation. They must so be interpreted, then, under the rule of the *Vaudreuil Case, supra.* This is not to say that an insurer could not choose words excluding coverage for vandalism committed in the course of a burglary and not reasonably calculated to aid the purpose of abstracting property. In our opinion it has not done so here.

The policy provides that the defendant may at its option either repair or replace the insured property upon which loss is claimed or pay to the assured the full amount of the loss, but limited to the actual cash value of the property stolen or damaged at the time of the burglary or robbery, or the cost.of its suitable repair or replacement not in excess of such cash value.

The testimony is sufficient to sustain a finding that defendant's adjuster elected to replace and repair and author-

ized the plaintiff to set about such repairs and replacements, and that defendant is bound by that election. However, the adjuster could not vary the terms of the coverage, for the policy specifically provides that any and every variation must be in writing and must be made by an executive officer of the defendant. Under an election to pay for repairs and replacements the policy limits the liability thereon to the cost of such repairs, etc., not exceeding the actual cash value of the property damaged at the time of the burglary. The limitation is not enlarged or waived by the adjuster's election.

Plaintiff did not produce any evidence of the present cash value. It submits that its burden of proof is only to show what it spent in replacements and repairs and if defendant deems that excessive it is defendant's burden to reduce the amount by evidence that the actual cash value of the articles was different. We do not agree. Plaintiff must prove its claim within the limits of the policy and one item essential to plaintiff's action to recover on the policy is that the costs of its replacements do not exceed the cash value at the time of the burglary. Proof of this element was lacking. Therefore, the verdict was not sustained by the evidence, and the trial court set it aside and directed judgment for defendant.

The trial court did this reluctantly and in its memorandum decision informs us that it would have granted a new trial on its own motion in the interests of justice but inadvertently neglected to do so during sixty days following the receipt of the verdict, while awaiting briefs, and could not do so thereafter. Further, if it was still in the court's power to grant a new trial in the interests of justice it would do so.

This appeal presents the unusual feature that defendant concedes some liability to plaintiff under the policy but goes entirely free, even on the conceded items because plaintiff, in our view, was mistaken regarding whose burden it was to establish actual cash value of damaged and destroyed items. Without question, if the trial court had made a timely order

for a new trial in the interests of justice we would have affirmed upon the record presented here. Under the circumstances we consider that justice has probably miscarried. We have concluded to exercise our discretionary power under sec. 251.09, Stats., and reverse and remand the cause for a new trial.

*By the Court.*—Judgment reversed, and cause remanded to the trial court for a new trial.