Kopp, Respondent, v. Home Mutual Insurance Company, Appellant.

*December 2, 1958—January 2, 1959.*

54

For the appellant there were briefs by *Byrne, Bubolz & Spanagel,* attorneys, and *William S. Pfankuch* of counsel, all of Appleton, and oral argument by *Edward J. Byrne.*

For the respondent there was a brief and oral argument by *Frank E. Betz* and *William A. Adler,* both of Eau Claire.

CURRIE, J.   The defendant Insurance Company does not base its refusal to pay the plaintiff anything to apply on the hospital bill upon the ground that the plaintiff should not recover twice for the same expense.  On the contrary, it concedes that, if the hospitalization had taken place in a hospital

not affiliated with Blue Cross; and the plaintiff had paid the bill and had been reimbursed by Blue Cross, he would be entitled to recover therefor from the defendant, subject to the $500 coverage limit. The defendant's defense is placed upon the very narrow ground that the plaintiff never incurred any expense for his hospitalization. This is because under the plaintiff's contract with Blue Cross, and the contract between Luther Hospital and Blue Cross, Luther Hospital was obligated to furnish such hospitalization free to the plaintiff and to look solely to Blue Cross for payment.

The pertinent provision of the defendant's policy reads as follows:

"Coverage C—Medical Payments.
"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray, and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing, and funeral services:
"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness, or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile."

Elsewhere in the policy the amount of medical-payments coverage is expressly limited to $500 for each person.

The defendant contends that, under the above-quoted policy provisions, it is a condition precedent to the insured's right of recovery upon the policy for his hospitalization that he shall first have incurred a debt for the same. It is clear from the undisputed facts that no such debt was incurred by the plaintiff to pay for such hospitalization. However, a debt was incurred on the part of Blue Cross to pay such expense to Luther Hospital, and the plaintiff had paid quarterly premiums to Blue Cross as consideration for Blue Cross

undertaking so to do. Thus expense was incurred for hospital services furnished *"to or for"* the plaintiff insured.

The afore-quoted policy provisions do not state *who* is required to incur the expense in order for the insured to recover for medical or hospital services supplied to or for him. There thus exists an ambiguity. It is a generally accepted rule of construction that ambiguities in a contract of insurance are to be resolved against the insurer who drafted the same and in favor of the insured. *Northland Bottling Co. v. Farmers Mut. Automobile Ins. Co.* (1958), 3 Wis. (2d) 326, 329, 88 N. W. (2d) 363. Furthermore, policies of insurance are to be given a reasonable construction, and not one that leads to an absurd result. 13 Appleman, Insurance Law and Practice, p. 38, sec. 7386, and 44 C. J. S., Insurance, pp. 1163, 1164, sec. 296.

There are two widely used methods whereby a person can purchase protection against future hospitalization costs. One is to purchase an insurance policy providing for the reimbursement to the insured for future hospital costs falling within the limits of the policy. The other is to enroll under the Blue Cross plan whereby all affiliated hospitals agree to provide such person free hospital service falling within a certain specified scale of benefits. In both cases such person pays a premium to secure such coverage. It would lead to a highly absurd and socially undesirable result to construe the medical-payments coverage clause of the defendant's policy so as to hold that recovery for the costs of hospital services provided to the insured may be recovered in the one case and not the other.

Even though the policy provision is ambiguous and must be construed against the insurer, the unreasonable result should be avoided of so construing the medical-payments clause of defendant's policy as to permit the injured person to recover for medical or hospital services supplied to him

by some third-party volunteer without cost or personal liability to pay therefor on the part of such injured person. However, where the injured person (in this case the insured) pays a consideration to have the expense of such medical or hospital services paid without liability to such injured person, it is our considered judgment that the injured person should be permitted to recover such expense under the policy clause in question.

We have carefully considered the authorities cited in the defendant's brief but none are in point on the issue of resolving by construction the ambiguity in the medical-payments clause of defendant's policy. Apparently this is a case of first impression on such issue.

*By the Court.*——Judgment affirmed.