STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. *v.*
FULLER.

5-2159                                              336 S. W. 2d 60

Opinion delivered June 6, 1960.

*Cockrill, Laser & McGehee,* for appellant.

*McMath, Leatherman, Woods & Youngdahl,* for appellee.

J. SEABORN HOLT, Associate Justice.   On June 22, 1958, Mr. Frank F. Fuller and his wife, appellee, Mrs. Verna Fuller, along with their two children, were occupants of an automobile driven by Orville E. Smith which collided with an automobile driven by A. C. Taylor and as a result of this collision, Mr. Fuller was killed and his wife, appellee, seriously injured.   After emergency treatment Mrs. Fuller, a veteran of the U. S. Armed Forces, was admitted to a Veterans Administration Hospital after she had signed a form statement provided by the V. A. Hospital stating that she was unable to pay the necessary expenses of hospital treatment and domiciliary care. Her medical expenses at the V. A. Hospital amounted to $1,681.67.   She was sent a bill for these expenses which she later paid.   In September of 1958, Mrs. Fuller, appellee, filed suit against A. C. Taylor for personal injuries sustained in the automobile collision.   When the V. A. learned of this suit, Mrs. Fuller, at its request, assigned to the V. A. any recovery of damages that she

might obtain against a third party, Taylor, in payment for medical treatment resulting from her injuries. The V. A. charge for hospital care for appellee was $1,681.67, the reasonableness of which is not in dispute.

Thereafter, the V. A. Hospital notified appellee's attorney of their claim and forwarded copies of the assignment. Continuous demands were made by the V. A. Hospital on appellee's attorney until appellee finally paid the hospital bill out of funds which she received from her damage suit against A. C. Taylor. Appellee first made demand on the Southern Farm Bureau Casualty Insurance Company (insurer of Orville E. Smith, driver of the car in which the Fullers were riding) for payment of the V. A. charges against her and for payment of other medical expenses actually incurred and this company paid all the bills except the V.A. charges in amount of $1,681.67 which they refused to pay. At the time of the collision and injuries to appellee, as indicated, Frank Fuller, appellee's husband, had in force an automobile insurance policy with appellant, State Farm Mutual Automobile Insurance Company, which contained these provisions: "Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services. ¶ Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile." This policy was issued in Louisiana. Premiums were paid and the policy was in effect at the time of the accident above described.

Upon appellant's refusal to pay, appellee filed the present suit against appellant, insurance company, in which she sought recovery in amount of $1,681.67, plus statutory penalty and reasonable attorney's fee. Trial was had on September 1, 1959, before the court without

a jury on stipulation of facts with exhibits introduced. No witnesses were called by either party. Following the hearing, the court took the case under advisement and on November 12, 1959, entered a judgment for appellee in the amount sued for, $1,681.67, a 100% penalty, $336.33 as fee for appellee's attorney, or a total judgment of $3,-699.67, together with costs. This appeal followed.

For reversal, appellant relies on the following points: "I. The court erred in concluding from the undisputed facts that the cost of the VA hospital care furnished appellee was medical expense incurred by appellee within the terms of appellant's Family Automobile Policy. II. (A) The court erred in applying the law of Louisiana instead of the law of Arkansas to the assessment of statutory penalty and attorneys' fees against appellant. (B) If the Louisiana law governs, the court applied an incorrect provision thereof."

Appellant states its position and contention as follows: "Appellant refused to pay to appellee the amount of the VA bill for the reason that it did not represent medical expense 'incurred' by her. The VA did not charge appellee for the cost of her hospital care. ¶ Appellee had first made demand upon Southern Farm Bureau Casualty Insurance Company for payment of the VA charges and for payment of other medical expenses actually incurred. Southern Farm paid all of these bills but refused to pay the VA charges. ¶ * * * Appellant admitted its policy was issued to Frank F. Fuller; that it was in force at the time of the collision in June 1958; that appellee was hospitalized at the VA Hospital in Little Rock; and that $1,681.67 was the cost of hospital care. Appellant denied liability under its policy for the reason that the purported charges of the VA Hospital were not medical 'expense incurred' within the terms of its policy because appellee qualified for admission to said hospital under laws of the United States as a veteran entitled to free care and treatment for her injuries; that the VA was without authority to make any charges against her for care and treatment; that any

charges attempted to be made against her would not constitute a legal obligation; that the VA did not attempt to make any charge against her.''

In short, it appears to be appellant's contention that appellee, Mrs. Fuller, was not entitled to be reimbursed for her hospital bill in amount of $1,681.67 on the grounds that these expenses ''were not incurred'' by Mrs. Fuller since she was a veteran and could have obtained hospitalization in the veterans hospital free of charge. We do not agree. It appears undisputed that at the time appellee entered the hospital she was, in fact, unable to pay for hospital services and had so stated in her written application. Therefore, at the time of her entry, being a veteran, she would have been entitled to free hospital services. However, it is also undisputed that after Mrs. Fuller had left the hospital, spending 79 days therein, on January 19, 1959, she effected a settlement of her damage suit against Taylor and out of the proceeds of this settlement she, on demand, paid the Veterans Hospital $1,681.67. We think that it was the intent of appellant, insurance company, and Frank Fuller, its insured in this case, that appellant company, in return for premiums paid by the insured, would pay the medical and hospital expenses on insured and members of his family in the event that they were injured in an automobile accident such as here.

The Supreme Court of Wisconsin, in a similar situation as here presented, interpreted the meaning of a provision in an automobile liability policy, which provision was identical with that now before us. This Wisconsin case, *Herman Kopp* v. *Home Mutual Ins. Co.*, 6 Wis. 2d 53, 94 N. W. 2d 224, involved an action on an automobile liability policy by the insured to recover under the medical payment coverage for hospital expenses resulting from an accident while driving insured automobile. In that case it appears that the plaintiff was a subscriber to the Blue Cross Benefit Plan which plan was in addition to plaintiff's liability policy *supra* with the defendant insurance policy which included medical pay-

ment coverage. It further appears that Blue Cross agreed to furnish insured hospital benefits in any affiliated hospital free of charge. The hospital where the insured was hospitalized was an affiliate member. Following the plaintiff's hospitalization, he submitted to the insurance company a statement for hospital expenses which the insurance company refused to pay on the ground that it was not an "incurred expense" within the provisions of defendant's policy. As indicated, the provisions of defendant's policy in that case were identical with those in the present case. The Wisconsin Supreme Court, in holding in favor of the insured plaintiff, used this language: "The defendant contends that, under the above-quoted policy provisions, it is a condition precedent to the insured's right of recovery upon the policy for his hospitalization that he shall first have incurred a debt for the same. It is clear from the undisputed facts that no such debt was incurred by the plaintiff to pay for such hospitalization. However, a debt was incurred on the part of Blue Cross to pay such expense to Luther Hospital, and the plaintiff had paid quarterly premiums to Blue Cross as consideration for Blue Cross undertaking so to do. Thus expense was incurred for hospital services furnished 'to or for' the plaintiff insured. ¶ The afore-quoted policy provisions do not state *who* is required to incur the expense in order for the insured to recover for medical or hospital services supplied to or for him. There thus exists an ambiguity. It is a generally accepted rule of construction that ambiguities in a contract of insurance are to be resolved against the insurer who drafted the same and in favor of the insured. * * * Furthermore, policies of insurance are to be given a reasonable construction, and not one that leads to an absurd result."

Just as the Blue Cross was held to have "incurred" the hospital costs, we think here the federal government, in effect, "incurred" the hospital costs of appellee in consideration for her services in the armed forces. The government provided these services to appellee even

though her disabilities were not service connected, provided she were unable to pay for such needed hospital services. In the present case, just as soon as Mrs. Fuller became able to pay her hospital costs (as indicated, from the proceeds of her recovery of damages against Taylor) she did so in the amount of $1,681.67 and at this point the said medical expenses, which are conceded to be reasonable, were, in fact, "incurred" by appellee within the terms of the policy, and the judgment of the trial court allowing recovery was correct.

Appellant is correct in its contention that the trial court erred in applying the law of Louisiana instead of the law of Arkansas on the assessment of the statutory penalty and attorneys' fees against appellant.

Appellant's contention that the trial court's assessment of 100% penalty was error and that a penalty of only 12% may be allowed under our statute § 66-514 is correct and must be sustained. In a case of this nature the law of the forum, Arkansas, controls. In *Aetna Casualty & Surety Co.* v. *Simpson,* 228 Ark. 157, 306 S. W. 2d 117, we held § 66-514 to be a rule of procedure and applicable to an extrastate automobile insurance policy. We there said: "Appellant (liability insurance company) contends that Arkansas Statute § 66-514, providing for the payment of attorneys' fees, does not apply in this case because a Tennessee contract is involved, although it matured in Arkansas. Notwithstanding the policy of insurance is a Tennessee contract, procedural matters must be in accord with the Arkansas statutes. The statute provides that attorneys' fees shall be taxed as part of the costs. Where the policy matured in Arkansas and the action is brought in Arkansas, the Arkansas statute providing for attorneys' fees and penalties applies. (Citing cases)."

The allowance by the trial court of an attorney's fee of $336.33 appears to be reasonable and will be sustained. Appellee's contention that her attorneys should be allowed additional compensation on appeal will not

be granted because appellant has effected a substantial reduction in the judgment as heretofore indicated.

Modified and affirmed.