825; 27 Cal.Rptr. 870]

## Appellate Department, Superior Court, San Francisco

[Civ. A. No. 2744.   Sept. 28, 1962.]

ABE FEIT, Plaintiff and Appellant, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., Defendants and Respondents.

Albert E. Polonsky for Plaintiff and Appellant.

Shovlin & Melbye for Defendants and Respondents.

WEINBERGER, J.—The plaintiff was involved in an automobile accident in which he sustained injuries which were treated at the Kaiser Foundation Hospital by doctor-members of the Permanente Group. Because he was a prepaying member of Kaiser Foundation Health Plan the plaintiff was not required to, and did not pay for these services valued at $551.49. He nevertheless sought to recover the stated amount from the defendant on the ground that such expenses were covered under the medical payments clause of an automobile policy issued to him by the defendant insurer. To support his claim the plaintiff obtained statements from the hospital and medical group which itemized the services rendered and contained the following: "This is what the patient would have

paid had he not been a prepaying member of the Kaiser Foundation Health Plan. Make Check Payable to Patient Only." The claim was declined, suit was filed and this appeal is from the trial court's decision in favor of the defendant.

The complaint alleged, among other things, that the defendant had issued its policy "insuring the plaintiff for all medical expenses incurred *by said driver or passenger*. The answer alleged that the policy "contained a medical payment clause whereby defendant agreed to pay [to plaintiff] all reasonable expenses incurred"; that "bills of $551.49 were not, in fact incurred *by plaintiff*, therefore there is nothing due and owing him." We have italicized portions of each pleading to show that both parties assumed incorrectly that the insuring clause limited recovery to expenses incurred *by the insured.*

▆ The insuring clause in question is "Coverage C— Automobile Medical Payments," and reads as follows: "The St. Paul Fire and Marine Insurance Company agrees with the Insured to pay all reasonable expenses incurred within one year from the date of accident for all necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services—to or for each insured who sustains bodily injury, etc."

We have been unable to find a California case interpreting this precise language, but courts of other states have been called upon to do so. (*Gordon* v. *Fidelity & Casualty Co. of N. Y.*, 238 S.C. 438 [120 S.E.2d 509]; *State Farm Mutual Automobile Ins. Co.* v. *Fuller*, 33 Ark. 329 [336 S.W.2d 60]; *Kopp* v. *Home Mutual Ins. Co.*, 6 Wis.2d 53 [94 N.W.2d 224].) The *identical language* has been referred to in several additional decisions, so it would appear that the clause in question is part of the standard form of automobile insurance policy in general use throughout the nation. We agree with the interpretation of the Supreme Court of Wisconsin in the *Kopp* case, *supra*, cited with approval by the Supreme Court of Arkansas in the *State Farm* case, *supra*, as follows:

"The defendant contends that, under the above quoted policy provisions, it is a condition precedent to the insured's right of recovery upon the policy for his hospitalization that he shall first have incurred a debt for the same. It is clear from the undisputed facts that no such debt was incurred by the plaintiff to pay for such hospitalization. However, a debt was incurred on the part of Blue Cross to pay such expense to Luther Hospital and the plaintiff has paid quarterly

premiums to Blue Cross as consideration for Blue Cross undertaking so to do. Thus expense was incurred for hospital services furnished 'to or for' the plaintiff insured.

"The afore quoted policy provisions do not state *who* is required to incur the expense in order for the insured to recover for medical or hospital services supplied to or for him. There thus exists an ambiguity. ▮▮ It is a generally accepted rule of construction that ambiguities in a contract of insurance are to be resolved against the insurer who drafted the same and in favor of the insured. . . . Furthermore, policies of insurance are to be given a reasonable construction, and not one that leads to an absurd result."

While the South Carolina court in the *Gordon* case, *supra*, holds otherwise, we are convinced that the correct rule is as stated above, and that the clause in question, standing alone, is ambiguous and would require us to apply the rule of construction mentioned in the *Kopp* decision and codified in this state in Civil Code section 1654. But Coverage C does not stand alone. It is part of an entire insurance policy which should be explored further.

▮▮ It is to be noted that under Coverage A—Bodily Injury, and Coverage B—Property Damage the company agrees "to pay on behalf of the insured all sums which he shall become legally obligated to pay." If the defendant had intended to limit its liability for medical expenses to such expenses as the insured should become legally liable to pay it would have employed the same language in Coverage C as it did in Coverages A and B. Different language was used deliberately in Coverage C because the insurer intended to pay for medical expenses incurred, irrespective of by whom, and whether or not the insured was legally obligated to pay them. Any doubt about the insurer's intent is removed by Condition 5 in the policy which reads: "The limit of liability for medical payments stated in the Declarations as applicable to 'each person' is the limit of the Company's liability for all *expenses incurred by or on behalf of each person, including each insured who* sustains bodily injury . . . etc." (Italics ours.)

The defendant in its brief cites authorities, including the dictionary, to establish that "incur" means "to be liable for," and then argues that since plaintiff did not become liable for the value of the services rendered by the hospital and medical group no coverage was afforded despite the fact that Kaiser Health Plan incurred the expense of such services. The plaintiff's briefs refer us to many California cases holding that

an injured person may recover from a tortfeasor for medical expenses incurred even though such amounts were supplied by insurance. These references might be aids to interpretation if the insurer's intent could not be ascertained from the policy itself, but here the apparent ambiguity in Coverage C disappears when one reads further.

■ The existence of prepaid medical, hospitalization and funeral plans is a matter of common knowledge and is certainly known to the insurance industry. If an insurer does not wish to honor claims of the type involved here it should exclude them specifically so that an insured with additional medical or hospital coverage would know that he is receiving less coverage for his premium dollar than some other insured who is without outside benefits.

The judgment is reversed and the cause remanded for a new trial on the issues, if any, of the necessity and reasonableness of the expenses incurred.

Caulfield, P. J., concurred.