WALSH, ADMX., APPELLEE, *v.* GRANGE MUTUAL CASUALTY CO., APPELLANT.

[Cite as Walsh v. Grange Mutl. Cas. Co., 1 Ohio App. 2d 304.]

(No. 5413—Decided February 12, 1964.)

*Mr. R. C. Norris,* for appellee.
*Messrs. Olds & Olds,* for appellant.

HUNSICKER, P. J. Robert Clark DeVoll, a member of the United States Navy, was a passenger in an automobile owned by John N. Strosaker when it was involved in a collision. De-Voll died as a result of the injuries he received in that collision. Vina Walsh was then appointed administratrix of the estate of Robert Clark DeVoll, deceased.

John Strosaker had a contract of insurance with Grange Mutual Casualty Company. This contract of insurance contained a medical-payment clause in the following terms:

"To pay for all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral services to or for each person who sustains bodily injury, sickness or disease caused by accident while in or upon or while entering into or alighting from the automobile, provided the automobile is being used by the named insured or his spouse if a resident of the same household, or with the permission of either."

In addition to the doctors' and hospital bills, the cost of the funeral was also demanded from the casualty company. The funeral service expense totaled $900.95. The United States government, after the funeral, under authority of Title 10, Chapter 75, Sections 1481 and 1482, United States Code (the death-benefits provision of the federal statutes for members of the Armed Forces), paid $760 of the amount due for such funeral services. The casualty company offered to pay all the doctor, hospital and medical expenses that were incurred, but offered to pay only that portion of the funeral expense that exceeded the sum paid by the United States government.

An action was then brought by the administratrix of De-Voll's estate against the casualty company; and, as a result of that action, a judgment was rendered in favor of the administratrix for the full amount due on the funeral bill. From such judgment the casualty company appeals on questions of law, saying the judgment is contrary to the law and the evidence.

We are required herein to construe the medical-payment clause set out above. We must remember that the language of this clause was that prepared by and used by the casualty company. If there is any ambiguity in such clause, it must be construed liberally in favor of the administratrix herein, and strictly against the casualty company. *American Policyholders Ins. Co.* v. *Michota*, 156 Ohio St., 578.

The estate of the decedent became liable for the funeral expenses. Part of these expenses are a preferred charge against the estate. Section 2117.25, Revised Code. A claim for such expenses became fixed as soon as the death of DeVoll made the funeral necessary.

The word "incur" is of common usage and meaning. It is

defined by Webster's Third New International Dictionary as: "1. to meet or fall in with * * *: become liable or subject to: bring down upon oneself * * *."

There is no question that the estate of DeVoll became liable for the debt which came about as a result of the funeral.

We have found no Ohio case where the matter herein has been decided, but counsel have cited some cases where a clause similar to this medical-payments clause has been construed. They are: *American Indemnity Co.* v. *Olesijuk* (Tex. Civ. App.), 353 S. W. (2d), 71; *Feit* v. *St. Paul Fire & Marine Ins. Co.* (Super. Ct.), 27 Cal. Rep., 870; and *Kopp* v. *Home Mutual Ins. Co.*, 6 Wis. (2d), 53, 94 N. W. (2d), 224. Except in the *Kopp* v. *Home Mutual Ins. Co.* case, no question was raised as to who may have paid for the expense incurred, whether a third-party volunteer, or a third-party insurance company, such as a Blue Cross hospital insurance contract.

In the *American Indemnity Co.* v. *Olesijuk case, supra,* the court said, at page 73:

"Appellant argues that because Dr. Olesijuk has been reimbursed by the United States Navy for his expenses so incurred, he owes no debt and has suffered no loss, and consequently incurred no expenses. We do not agree. The fact that the insured has other arrangements for the reimbursement of his expenses does not operate to relieve appellant of its obligation as expressed in its contract in plain, certain and unambiguous language."

We conclude herein, as did the Texas court, that the fact that there were other arrangements for the reimbursement of the funeral expenses does not operate to relieve the casualty company of its obligation as expressed in its contract of insurance with John N. Strosaker.

The judgment herein must be affirmed.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.