WALTER MASAKI *v.* COLUMBIA CASUALTY COMPANY, A CORPORATION REGISTERED IN THE STATE OF NEW YORK.

Nos. 4365, 4366.

October 8, 1964.

Tsukiyama, C. J., Cassidy, Wirtz, Lewis and Mizuha, JJ.

OPINION OF THE COURT BY CASSIDY, J.

This is an action by plaintiff, as named insured under a family multiple line automobile policy issued to him by defendant Columbia Casualty Company, to recover $1,000.00, the full amount permitted under Coverage C of Part II of the policy for medical expenses incurred. The complaint alleges that medical expenses in the reasonable sum of $1,332.00 were incurred on plaintiff's behalf for which defendant was, subject to the stated monetary limit of the policy, liable.

The controlling provisions of the policy in evidence read as follows:

"COLUMBIA CASUALTY COMPANY

"(A Capital Stock Insurance Company, herein called the company)

"Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all of the terms of this policy:

\* \* \* \* \*

"PART II—EXPENSES FOR MEDICAL SERVICES

"*Coverage C*—Medical Payments To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"*Division 1.* To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile;

\* \* \* \* \*

"*Limit of Liability* The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident."

The remaining evidence presented in the case was by a stipulation of facts, the material portions of which are summarized hereunder.

Plaintiff was injured in an automobile accident on December 18, 1960 and as a result thereof was hospitalized in the Kaiser Foundation Hospital (referred to herein as

the "Hospital") and was attended by doctors of the Hawaii Permanente Medical Group (referred to herein as the "Medical Group") until discharged from treatment in May 1961.

Plaintiff was a pre-paying member of the Kaiser Foundation Health Plan (referred to herein as the "Health Plan"). The Health Plan has agreements with the Hospital and the Medical Group under which in consideration of the payment "of stated sums" to the Hospital and "of a stated sum per month" to the Medical Group they, respectively, furnish whatever hospital or medical care is required by members of the plan. Funds for such payments are raised by premiums paid by the members of the Health Plan.

The stipulation provides that plaintiff has no obligation to reimburse any of the three entities involved for his medical or hospital care and that none of them "is now or ever will be subrogated" to any rights plaintiff may have against any other person for the cost of the treatment given him. It also provides that if plaintiff had not been a member of the Health Plan "he would have had to make an out-of-pocket payment of $1,332.00 as and for reasonable and necessary medical and hospital expenses on account of injuries suffered as a proximate result of the accident."

The stipulation further recites that, "Except as stated herein, plaintiff did not actually incur either personally or on his behalf any medical or hospital charges or expenses on account of said accident."

The trial court held that, "There is no evidence, stipulation or admission that Plaintiff or anyone else incurred medical or hospital expenses of $1,332.00 for Plaintiff." It held, however, that plaintiff was entitled to judgment for $110.40, which was the total amount of the premiums paid by him for maintenance of his member-

ship in the Health Plan from December 1960 to May 1961. Each party has appealed from the judgment. In view of the disposition we make of this cause we need and will consider only plaintiff's appeal which raises the question of whether he was entitled to any recovery under the policy based on the reasonable cost of the medical and hospital treatment he received.

The summary of defendant's argument is set out in its answering brief as follows: "The lower court did not err in holding that there was no evidence that Masaki or anyone else incurred medical expenses of $1,332.00 on account of Masaki's injuries. That Masaki *would have* incurred such expenses had he not been a member of the Kaiser plan means only that he *did not* incur them. It certainly does not mean that such expenses were incurred by anyone else." In amplification thereof it is urged: "Considering first the words used in the policy, it is submitted that the term 'expenses incurred' means the actual, precise amount of the dollars and cents paid or owed for services rendered. It is also submitted that the phrase 'by or on behalf of each person injured' means that the expenses must be paid by or become the obligation of the injured person. * * * Furthermore, it is most significant that the policy does not provide that the insurance company will pay the amount of the expenses incurred to the insured but instead provides simply that the company will 'pay * * * expenses' * * *. In other words, the policy provides that the company is to pay the doctor and the hospital in order to discharge the obligations incurred by or on behalf of the injured person."

By stipulating that "Except as stated herein, plaintiff did not actually incur either personally or on his behalf" any medical expenses, plaintiff comes close to agreeing with the defendant's contention above set out. However, we cannot assume that plaintiff intended to confess judg-

ment or that the defendant, notwithstanding its reliance on the quoted provisions in this court, took them to have that effect in the trial court. We think the fair interpretation of the portion of the stipulation under consideration is that it merely means that plaintiff himself did not pay or become directly obligated for the medical and hospital services rendered him in treatment of his injuries. From the stipulation as a whole, it appears that by reason of his membership in the Health Plan he was entitled to the services, that he received them without personal assumption of any such obligations, and that no charge therefor was ever made against him. The stipulation does not preclude the question of whether medical expenses were incurred for the services rendered him.

Also preliminarily, we hold that while the stipulation does not expressly state that the reasonable value of the medical and hospital services rendered plaintiff was $1,332.00, the wording of the stipulation to the effect that plaintiff would have had to make an out-of-pocket payment in that amount as and for reasonable expenses for the treatment if he had not been a member of the Health Plan is tantamount to an assertion that the reasonable value or charge for such services was $1,332.00.

Reduced to essence, Coverage C, as applicable to this case, requires Columbia Casualty to pay all reasonable expenses incurred, for necessary medical and hospital services to or for plaintiff, the named insured, for bodily injury caused by accident while he was occupying an automobile.

It is obvious that the terms of Coverage C are ambiguous in two respects, namely; (1) in the failure to state by whom the expenses have to be incurred; and (2) by failing to directly state to whom the payment due for incurred expenses is to be made. It follows, therefore, that this case brings into play the general rule of con-

struction that the policy must be construed liberally in favor of the insured and the ambiguities resolved against the insurer. See *Alexander* v. *Home Ins. Co.,* 27 Haw. 326, 328.

There is no precedent in this jurisdiction that throws any light on the particular issue before us, nor are there many reported authorities from other jurisdictions that may be resorted to. However, we believe *Kopp* v. *Home Mutual Ins. Co.,* 6 Wis. 2d 53, 94 N.W.2d 224, cogently suggests, and *Feit* v. *St. Paul Fire & Marine Ins. Co.,* 209 Cal. App. 2d Supp. 825, 27 Cal. Rptr. 870, directly gives the answer to the problem at hand.

In *Kopp,* the plaintiff was a subscriber to the Blue Cross benefit plan and had been treated in the Luther Hospital, an affiliated hospital of Blue Cross, for injuries sustained in an automobile accident. Under the health plan involved, the Blue Cross agreed to provide hospital benefits to a member free of charge in any affiliated hospital and to reimburse him for expenses, with certain limits, for treatment in a non-affiliated hospital. The Blue Cross reimburses an affiliated hospital for the services rendered to the subscriber on the basis of the hospital's standard scale of charges to the public. The bill of the Luther Hospital showed on its face that the portion of the bill payable by Blue Cross was $387.55 and the portion payable by the plaintiff was nothing. The policy issued by the defendant Home Mutual Ins. Co. contained verbatim the provisions under Coverage C. Medical Payments and Division 1 in the policy of Columbia Casualty Co. before us. In ruling that Home Mutual Ins. Co. was liable to the plaintiff for the cost of hospitalization notwithstanding the court's recognition that "no such debt was incurred by the plaintiff to pay for such hospitalization," the Wisconsin Supreme Court stated that such a debt was incurred on the part of the Blue Cross and that,

"Thus expense was incurred for hospital services furnished *to or for* the plaintiff insured." The basic reasoning of the court is given at pp. 225, 226, as follows:

"The aforequoted policy provisions do not state *who* is required to incur the expense in order for the insured to recover for medical or hospital services supplied to or for him. There thus exists an ambiguity. It is a generally accepted rule of construction that ambiguities in a contract of insurance are to be resolved against the insurer who drafted the same and in favor of the insured. Northland Bottling Co. v. Farmers Mut. Auto. Ins. Co., 1958, 3 Wis. 2d 326, 329, 88 N.W.2d 363. Furthermore, policies of insurance are to be given a reasonable construction, and not one that leads to an absurd result. 13 Appleman, Insurance Law and Practice, p. 38, sec. 7386, and 44 C.J.S. Insurance § 296, pp. 1164-1165.

"There are two widely used methods whereby a person can purchase protection against future hospitalization costs. One is to purchase an insurance policy providing for the reimbursement to the insured for future hospital costs falling within the limits of the policy. The other is to enroll under the Blue Cross Plan whereby all affiliated hospitals agreed to provide such person free hospital service falling within a certain specified scale of benefits. In both cases such person pays a premium to secure such coverage. It would lead to a highly absurd and socially undesirable result to construe the medical payments coverage clause of the defendant's policy so as to hold that recovery for the costs of hospital services provided to the insured may be recovered in the one case and not the other."

Defendant in this case contends that the *Kopp* decision is distinguishable. It points out and states that there

was no mention of "a policy provision that the expense be incurred 'by or on behalf of' the injured person, and had there been such a provision in the policy involved in *Kopp,* or if there was one, if the court's attention had been called to it, the decision might well have been different for the provision 'for or on behalf of' indicates strongly that it does make a difference who incurs the expense."

We are not persuaded by the argument. The quoted language is not included in the operating provisions of the policy but rather in the clause limiting the amount of liability. However, to the extent the wording of the limitation clause may be deemed pertinent, we agree with the holding in the *Feit* decision, considered later, that it supports plaintiff's rather than defendant's contentions herein. It might also be pointed out in this connection that there is a provision in the policy which indicates that payments may be made to the named insured when he is the injured person. We have reference to the second paragraph of Condition 7 pertaining to "Medical Reports; Proof and Payment of Claim (Part II)" reading: "The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury."

We think the distinctions contended by defendant in respect to the *Kopp* case play more on form than substance. The case clearly stands for the proposition that the insured is entitled to recover under a policy of the kind before us if medical expenses are incurred by someone, whether it be the insured or not. There is no reason, as we see it, to say that expenses were not incurred by someone on behalf of the plaintiff in this case. Certainly neither the Kaiser Hospital nor the Medical Group was performing gratuitous services either for plaintiff, Masaki,

or for the Kaiser Health Plan. That the attempt by defendant to reject *Kopp* on the grounds urged lacks merit readily appears from a consideration of *Feit* v. *St. Paul Fire & Marine Ins. Co., supra.*

In the *Feit* case the plaintiff had been in an automobile accident and had the same coverage for medical expenses under a policy issued by St. Paul Fire & Marine Insurance Company as is provided by the policy of Columbia Casualty in this case. He was a pre-paying member of the Kaiser Foundation Health Plan, which operated under the same agreements with the Kaiser Foundation Hospital and the doctor members of the Permanente Group as existed between the similarly named three entities in this case. The court held that the plaintiff was entitled to recover for the reasonable value of hospital and medical services rendered him by the Kaiser Hospital and the doctors of the Permanente Group for the injuries he sustained in the accident. The case was remanded, only for determination of "the necessity and reasonableness of the expenses incurred."

Because we believe the decision is sound and dispositive of the appeal before us, we quote at length from it (at p. 872) as follows:

"While the South Carolina court in the Gordon case, supra [*Gordon* v. *Fidelity & Casualty Co. of New York,* 238 S.C. 438, 120 S.E.2d 509], holds otherwise, we are convinced that the correct rule is as stated above, and that the clause in question [Coverage C], standing alone, is ambiguous and would require us to apply the rule of construction mentioned in the *Kopp* decision [*Kopp* v. *Home Mutual Ins. Co.,* 6 Wis. 2d 53, 94 N.W.2d 224] and codified in this state in C.C. 1654. But Coverage C does not stand alone. It is part of an entire insurance policy which should be explored further.

"It is to be noted that under Coverage A—Bodily Injury, and Coverage B—Property Damage the company agrees 'to pay on behalf of the insured all sums which he shall become legally obligated to pay.'[1] If the defendant had intended to limit its liability for medical expenses to such expenses as the insured should become legally liable to pay it would have employed the same language in Coverage C as it did in Coverages A and B. Different language was used deliberately in Coverage C because the insurer intended to pay for medical expenses incurred, irrespective of by whom, and whether or not the insured was legally obligated to pay them. Any doubt about the insurer's intent is removed by Condition 5 in the policy which reads:

" 'The limit of liability for medical payments stated in the Declarations as applicable to "each person" is the limit of the Company's liability for all *expenses incurred by or on behalf of each person, including each insured who* sustains bodily injury * * *.'

\* \* \* \* \*

"The existence of pre-paid medical, hospitalization and funeral plans is a matter of common knowledge and is certainly known to the insurance industry. If an insurer does not wish to honor claims of the type involved here it should exclude them specifically so that an insured with additional medical or hospital coverage would know that he is receiving less coverage for his premium dollar than some other insured who is without outside benefits."

In connection with the last paragraph quoted, it is to be noted that the policy covering plaintiff in this case

---

[1] The Columbia Casualty Co. policy on which the action in this case is founded contains exactly the same provisions for Coverages A and B.

does not apply to bodily injuries sustained under several specified situations, one of which is where the injuries are sustained by a person employed in the automobile business and benefits are payable or required to be provided under any workmen's compensation law. No other exclusion is provided for payment of medical expenses covered by other insurance except in a clause which calls for a pro rata reduction of the company's liability in the event there is other automobile medical payments insurance against a loss covered by Part II of the policy.

Defendant relies on *Drearr* v. *Connecticut General Life Ins. Co.*, La. App., 119 So.2d 149; *Gordon* v. *Fidelity & Casualty Co.*, 238 S.C. 438, 120 S.E.2d 509; and *United States* v. *St. Paul Mercury Indemnity Co.*, 133 F. Supp. 726, 238 F.2d 594, each of which involved medical treatment of a veteran in a Veterans' Hospital and in which the courts took the view that, since the veteran was entitled to "free treatment" there could be no recovery under separate insurance coverage for medical expenses comparable to that given Masaki under the Columbia policy in this case. The free treatment provided in the three cases was by virtue of federal statute. As we have indicated above, we do not think the medical and hospital services rendered in this case can be classified as gratuitous and consequently do not consider defendant's authorities, even if we were persuaded of their soundness, applicable here.

Reversed and remanded for entry of judgment in favor of the plaintiff as prayed for.

*Hideki Nakamura* (*Bouslog & Symonds* of counsel) for appellant, cross-appellee.

*Richard E. Stifel* (*Anderson, Wrenn & Jenks* of counsel) for appellee, cross-appellant.