**Vernon E. ARVIN, Appellant,**

v.

**Wilbert L. PATTERSON, Appellee.**

**No. 4700.**

Court of Civil Appeals of Texas.

Waco.

April 11, 1968.

Rehearing Denied May 2, 1968.

Lee Mahoney, Mahoney, Shaffer & Hatch, Corpus Christi, for appellant.

Max L. Bennett, Corpus Christi, Wayne Fisher, Fisher, Roch, Sales & Blackstock, Houston, for appellee.

OPINION

WILSON, Justice.

Plaintiff recovered judgment for personal injuries against defendant on a jury verdict for $18,214. It was found defendant operated his automobile at an excessive speed in an improper lane while under the influence of intoxicating liquor, failing to keep a proper lookout; and that his negligence proximately caused the head-on collision and plaintiff's injuries. There is no attack by defendant on liability findings.

Defendant's points assail the damage issue on the grounds the evidence is inadequate to support submission of the elements of loss of earnings, loss of earning

capacity, and medical expenses. We affirm.

There was evidence that plaintiff's injuries included a skull fracture a fractured cheek bone, brain injury, loss of vision, rib fractures, and scalp and facial cuts which left scar tissue. In the hospital an open reduction operation was performed. There is residual pain. There is no complaint the damages found are excessive.

At the time of the accident plaintiff was a Marine Corps staff sergeant. Eight months later he was promoted to second lieutenant, which rank he held at the time of trial. Before the accident he had applied for and been accepted in the Army Warrant Officer Flight Program, having passed his physical examination, but there was evidence he was physically disqualified for flight training as a result of the accident. Plaintiff then re-enlisted in the Marine Corps.

■ There was proof of the length of plaintiff's service, of the amount of base pay, allowances and flight pay of Marine Corps lieutenants, and of the higher base pay of Army warrant officers. There was testimony of the amount of additional pay for flight duty. But there was no direct proof of the compensation of a staff sergeant. Defendant's contention as to loss of earnings is: "Any loss would be the difference between the pay of a sergeant and the pay of a second lieutenant, and since the pay of a sergeant is not shown, there simply is no showing of any loss"; and so, also, as to loss of future earning capacity. The parties debate this question, and whether it is a matter of common knowledge that a sergeant earns less than a lieutenant. The matter is not that complicated; the scale of pay and allowances is fixed by Act of Congress, Tit. 37 U.S.C.A., of which judicial notice is taken. See 23 Tex.Jur.2d, Evidence, Sec. 13. The evidence was adequate to support submission of the elements of loss of earnings and impairment of earning capacity.

■ Defendant argues that the charge improperly included an issue as to the reasonable value of medical and hospital expense necessarily furnished to or incurred by plaintiff. The jury finding was $980. The argument is that the plaintiff is not entitled to recover these because the services were furnished to him gratuitously by the United States Government at a Naval hospital; and because 42 U.S.C.A. § 2651 authorizes the United States to recover the reasonable value of these services from a third person liable therefor in tort, subrogating the United States to the rights of the injured person.

Recovery by plaintiff would not have been precluded by virtue of the services having been received gratuitously from the collateral source independent of, and before enactment of the statute. Texas Power & Light Co. v. Jacobs, Tex.Civ. App., 323 S.W.2d 483, 494, writ ref. n. r. e., and authorities cited. This is the holding in a majority of the jurisdictions which have passed on the question. 22 Am.Jur.2d, Damages, Sec. 207. It is "the prevailing modern view." 68 A.L.R.2d 877. It is doubtless a rule which is better to be settled than to be settled well.

The statute does not alter the reason for the rule or its application in the present case. It creates a right in the United States, but limits the remedies.[1] They were not pursued in this case. The suit was filed within six months after treatment by the government hospital began, and there was no intervention or joinder in this suit. See United States v. Jones,

[1]. 42 U.S.C.A. § 2651(b): "The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured" person, "or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished, * * * institute and prosecute legal proceedings against the third person who is liable for the injury * * *".

(D.C.Va.1967) 264 F.Supp. 11; United States v. Wittrock (D.C.Pa.1967) 268 F. Supp. 325. Recovery of the expenses by plaintiff was properly allowed as against defendant's contention.

Appellant's points are overruled.

Affirmed.