45444.   WHITAKER v. TALBOT et al.

Argued July 7, 1070—Decided September 9, 1970—
Rehearing denied September 25, 1970—

*O'Connor & Kleiner, Paul T. O'Connor,* for appellant.

*Nall, Miller & Cadenhead, Lowell S. Fine,* for appellee.

EBERHARDT, Judge. 1. Plaintiff contends that he has a right of action for his minor daughter's medical expenses, and that "under the collateral source rule, which is well-established in the law of damages, a wrongdoer is not entitled to have the damages for which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him, or, stated more succinctly, the wrongdoer may not be benefited by collateral payments made to the person he has wronged." In response, defendant, while agreeing that the collateral source rule is followed in this State, contends first that a father has a right of recovery arising out of the injury to his minor child only when he has incurred a direct pecuniary injury or loss therefrom, and this pecuniary injury can only be sustained when, as a result of the child's personal injury, the father becomes obligated to provide for the payment of medical expenses rendered in the treatment of the child's injuries.

We hold that plaintiff has a right of recovery for the expenses in question. The issue appears to be controlled by *Howard v. Hall,* 112 Ga. App. 247, 254 (145 SE2d 70), where it was held that a father could recover the monetary value of the nursing care rendered to his injured minor son at home by his mother and grandmother. See other "collateral source" cases collected in *Cincinnati, N. O. & T. P. R. Co. v. Hilley,* 121 Ga. App. 196, 201 (173 SE2d 242).

Furthermore, we do not agree that the medical care in issue was furnished gratuitously or at no expense to plaintiff. The Medical and Dental Care Act (10 USCA §§ 1071-1085) provides that charges may be made for medical and dental care furnished a dependent of a member of a uniformed service (10 USCA § 1078), and the record reveals that some charges were in fact made. Even if no charges had been made, however, we are not dealing with mere gratuities or charities. In Grigalauskas v. United States, 103 FSupp. 543 (aff'd 195 F2d 494), a suit under the Federal Tort Claims Act by a minor dependent of a serviceman for medical

malpractice in an Army Hospital, the question arose as to whether the United States, if a private person, would be immune as an organization operating a charitable hospital. In holding that there was no immunity, even though no charges were made for the medical services, the Federal court stated that "while it is true that Army Hospitals are not run for 'profit' in the ordinary sense of the word, there is a gain or advantage which accrues to the Government by reason of their creation: the building and preservation of health and morale in the armed forces.[1] Medical service which is furnished by the Army to the soldier and his dependents 'whenever practicable' serves as a compelling influence where a prospective soldier weighs the advantages of enlistment. No one who receives treatment in an Army Station Hospital, therefore, is the recipient of charity." P. 550.. "The care [the serviceman and his dependents] receive is actually a part of the wages paid in return for the service he performs." Gotting, Recovery of Medical Expenses and The Medical Care Recovery Act, 20 JAGJ, 75, 79. "It is common knowledge that when service pay is considered by Congress, hospitalization and other privileges offered to servicemen are always alluded to as being part of compensation." Gotting, supra, p. 79, n. 38.

We conclude that defendant's contention that plaintiff has no cause of action on the theory that he incurred no "debt" or "obligation" for his daughter's medical expenses is without merit, and that the cited cases of *Sorrells v. Matthews,* 129 Ga. 319 (58 SE 819, 13 LRA (NS) 357, 12 AC 404), *Kite v. Brooks,* 51 Ga. App. 531 (181 SE 107) and similar cases do not require a different result.

2. It is further argued that under the Federal Medical Care Recovery Act (42 USCA §§ 2641-2653), only the federal government has the right to recover for medical care provided to a serviceman's dependents, and that to permit the plaintiff also to recover for these expenses would subject the defendant to a possible double liability.

These contentions are without merit. While the government

---

[1]Stated explicitly in the Medical and Dental Care Act. 10 USCA § 1071.

does have an independent right to recover from the wrongdoer the reasonable value of the treatment and care provided (42 USCA § 2651; United States v. Merrigan, 389 F2d 21 (C.A.N.J.)), its remedies are not necessarily exclusive of those of the injured person[2] The government may intervene or join in any action brought by the injured person or, if no action is commenced within six months after the first day in which care and treatment is furnished, it may institute proceedings either alone (in its own name or in the name of the injured person) or in conjunction with the injured person. 42 USCA § 2651 (b); United States v. Bartholomew, 266 FSupp. 213 (D. C. Okla.). It may also waive any claim it has for its own convenience or to prevent undue hardship upon the serviceman. 42 USCA § 2652 (b); 28 CFR 43.3. And its right of recovery under the Medical Care Recovery Act is subject to 28 USCA § 2415 (b) (g), providing that its complaint must be filed within three years after the right of action first accrues, or within three years after July 18, 1966, the date of enactment of the statute of limitation, if the right of action accrued prior to that date. United States v. Gera, 409 F2d 117 (CA 3).

In the instant case the collision occurred on February 4, 1965, when the daughter was first hospitalized. More than three years has elapsed since that date and since July 18, 1966, and the government has not chosen to pursue any of its remedies although it began cooperating with the attorneys in the case as early as February 18, 1965, by furnishing reports, etc. Under these circumstances the Federal Medical Care Recovery Act does not alter the reason for the collateral source rule or prevent its application. Arvin v. Patterson, 427 S. W. 2d 643 (Tex. Civ. App.). Instead of being subjected to a double recovery, the defendant will obtain a windfall if the present claim is not allowed.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*

---

[2]Cf. *Wrightsman v. Hardware Dealers Mut. Fire Ins.* Co., 113 Ga. App. 306 (147 SE2d 860).