283 So.2d 381 (1973)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
John P. HOLLAND, Jr., Appellee.
No. T-14.
District Court of Appeal of Florida, First District.
October 4, 1973.
*382 Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
Fredric G. Levin, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, Lieutenant James H. Toms, and M.S. Ochstein, Charleston, So. Car., for appellee.
WIGGINTON, Judge.
Appellant casualty insurance company appeals a declaratory judgment rendered in a suit brought by appellee, its insured, in which he sought and received a judicial declaration of his rights and those of the United States of America under the personal injury protection (no-fault) coverage of the automobile liability insurance policy issued by appellant. The issue resolved by the trial court, and which is presented for decision on this appeal, involves a construction of the Florida Automobile Reparations Reform Act (no-fault insurance) enacted by the 1971 Legislature of this state.
Appellee, John P. Holland, Jr., is a United States Naval Officer on active duty. While undergoing flight training he was involved in an automobile accident from which he sustained serious injuries that prevented him from carrying out the duties connected with his flight training. At the time of his accident he was covered by a policy of automobile liability insurance issued by appellant, United Services Automobile Association, the coverage of which complied with the requirements of the laws of this state. Appellee applied to appellant for three types of benefits under the personal injury protection provisions of his policy. He asked for benefits resulting from loss of flight pay, loss of regular pay, and reimbursement to the Government for medical services furnished by it. Upon consideration of the deposition given by appellee, the issues made by the pleadings, and the personal injury protection endorsement to the insurance policy issued by appellant, the trial court rendered its final judgment in which it found that appellee was entitled to reimbursement for loss of flight pay until such time as he is capable of receiving flight training; finding him entitled to disability benefits until he is *383 able to return to full duty; and, finding further that he is entitled to recover for the benefit of the United States the value of all medical services furnished to him by the Government as the result of his injuries.
The first question raised by appellant challenges the ruling of the trial court which held that appellee was entitled to claim, under the personal injury protection coverage of his insurance policy, disability benefits based upon loss of wages even though he continued to receive full pay from his employer during the period of his disability.
The purpose of the Florida Automobile Reparations Reform Act[1] is:
"... [T]o require medical, surgical, funeral and disability insurance benefits to be provided without regard to fault under motor vehicle policies that provide bodily injury and property damage liability insurance, or other security, for motor vehicles registered in this state and, with respect to motor vehicle accidents, a limitation on the right to claim damages for pain, suffering, mental anguish and inconvenience."
The benefits which every casualty insurance company doing business in Florida is required to furnish its insureds are stated to be:
"... [P]ayment of all reasonable expenses incurred for necessary medical, surgical, x-ray, dental, and rehabilitative services, including prosthetic devices; necessary ambulance, hospital, nursing services; and funeral and disability benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury... ."[2]
The required medical and disability benefits which must be included in each automobile liability insurance policy are more specifically defined in the statute as follows:
"(a) Medical benefits.  All reasonable expenses for necessary medical, surgical, x-ray, dental and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services. Such benefits shall also include necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person who relies upon spiritual means through prayer alone for healing, in accordance with his religious beliefs.
"(b) Disability benefits.  One hundred percent of any loss of gross income and loss of earning capacity per individual, unless such benefits are deemed not includable in gross income for federal income tax purposes, in which event such benefits shall be limited to 85 percent, from inability to work proximately caused by the injury sustained by the injured person, plus all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for the injury, the injured person would have performed without income for the benefit of his household. All disability benefits payable under this provision shall be paid not less than every two weeks."[3]
It is appellant's position that the only benefits which an insured is entitled to recover from his insurer under the no-fault insurance statute are losses which he actually suffers in gross income as a result of his injuries and medical expenses necessarily and actually incurred and paid by him. It contends that so long as the insured's employer has a wage continuation plan in effect whereby the insured is paid his regular wages even though disabled *384 from work during the period of his injuries, then he has no need for disability payments and is entitled to none from his insurance company. Appellant similarly argues that so long as the medical expenses occasioned by the insured's injuries are paid by someone else and he suffers no financial loss by payment of such expenses, then he has no need for medical benefits from his insurance company. Appellant opines that the trial court erred in its construction of the statute here under consideration when it applied the well established collateral source rule recognized by the courts of this state in actions by injured parties against tortfeasors. Appellant earnestly contends that the collateral source rule has no application to benefits payable under the Florida Automobile Reparations Reform Act which is designed to remove certain aspects of motor vehicle injuries from the negligence field. It is admitted that appellee, as a member of the armed forces, continued to receive his normal pay and allowances during the period of his disability, and all his medical needs were furnished by the United States Naval Hospital. Appellant therefore insists that appellee suffered no loss of gross income and incurred no medical expenses as a result of his injuries and, therefore, the trial court erred in its construction of the controlling statutes by holding to the contrary.
We are inclined to agree with appellant that the purpose of the Florida Automobile Reparations Reform Act is to remove from the negligence field of litigation certain aspects of motor vehicle injuries. The practical effect of this statute, although not specifically stated therein, is to substitute the injured person's own insurance company for the tortfeasor against whom he previously was permitted to proceed in order to recover damages suffered as a result of the latter's negligence. It would therefore appear that where the damages suffered by the insured result from the tortious acts of third parties, the insured should be entitled to employ against its insurance carrier all provisions of law which he is in other circumstances permitted to employ against his tortfeasor in seeking recovery of damages suffered by him. Since an injured motorist may avail himself of the benefit accorded him under the collateral source rule in actions against tortfeasors, he has the same benefit of this rule when he seeks recovery against his insurance carrier who has now been substituted in the place and stead of the tortfeasor as a source of reimbursement for injuries suffered in a motor vehicle accident.
In addition to the above, we find no provision in the statute which precludes an injured policyholder from recovering from his insurer gross income which he was unable to earn during the period of his disability because of the injuries suffered by him except in cases where he has received workmen's compensation benefits under the workmen's compensation law of the state. This particular deduction of workmen's compensation benefits from gross income is required to be made under that provision of the act which states that: "Benefits due from an insurer under [this act] shall be primary, except that benefits received under any workmen's compensation law shall be credited against the benefits provided by subsection (1) [the disability benefits section]...."[4] There is no similar mandatory deduction provision with respect to pay continuation plans which might be in effect and from which an insured might benefit during the period of his disability. The trial court interpreted the statute to mean that the disability benefits recoverable by an insured against his insurance carrier should include the amount of gross income he was unable to earn during the period of his disability with no deduction for any income he may have received from collateral sources, except workmen's compensation benefits. Pay continuation plans offered as an inducement in certain types of employment are fringe benefits and constitute a part of *385 the compensation which is earned by the employee in return for the services rendered by him. His automobile insurer is not entitled to benefit from the fact that its insured was willing to accept less monetary compensation for his services in return for the pay continuation plan and other fringe benefits paid and furnished to him by his employer. The same principle applies to disability insurance benefits which may be received by an injured insured from other insurance policies purchased by him and maintained at his expense. It is our view that the collateral source rule, although having its origin in the determination of damages to which an injured person is entitled to recover from his tortfeasor in negligence cases, is equally applicable to claims by insured motorists against their insurance carriers under the Florida Automobile Reparations Reform Act. The same principle is equally applicable to the rights of insured motorists to recover medical benefits furnished by their employers or from some other collateral source. Any contrary conclusion would require all persons whose employers maintain a wage continuation and medical benefits plan for their employees to purchase no-fault automobile insurance but derive practically no benefits from it. Such a result would be both inequitable and unjust.
We next turn to the remaining question of whether the trial court erred in holding that appellee was entitled to recover, for the use and benefit of the United States of America, the amount determined to be the reasonable value of medical services rendered to him by the United States Navy.
The federal law provides that a member of a uniform service who is on active duty is entitled to medical and dental care in any facility of any uniformed service.[5] The Federal Medical Care Recovery Act enacted by the United States Congress creates a cause of action on behalf of the United States for recovery from a tortfeasor the reasonable value of the medical treatment it has furnished to the injured party to whom it is authorized or required by law to furnish medical treatment.[6] This act permits the United States to intervene or join in any action brought by an injured party against the tortfeasor or to bring an action in its own name or that of the injured person against the tortfeasor if the injured person does not elect to do so.
Appellant takes the position that the Florida Automobile Reparations Reform Act makes no requirement that an insurer pay on behalf of its insured medical expenses which a third party is required by law to pay. It therefore reasons that the trial court erred in holding that it is required to reimburse appellee, for the benefit of the United States, for the medical benefits furnished by the latter to appellee as a member of the armed forces, which medical benefits it was required to furnish by virtue of federal law.
There can be no doubt but that if appellee's claim for damages resulting from his injuries was the subject of litigation brought against his tortfeasor, the United States could intervene in the case and claim recovery for the value of the medical services furnished by it to appellee. The right to reimbursement so vested in the United States may not be extinguished merely because the no-fault insurance law immunizes tortfeasors from liability for claims falling within the limitations of the statute and substitutes the insurer for the tortfeasor as the one from whom recovery must be sought. When appellant issued to appellee the insurance policy involved herein it did so with full knowledge of the fact that appellee was a member of the armed forces of the United States, whose medical expenses for injuries received in an automobile accident would be paid by the Government which under the law had a right to claim reimbursement from the tortfeasor. As a real party in interest the United States has the same right under the third-party *386 beneficiary theory to recover its loss as does the insured whose medical expenses it has paid. To allow appellant to demand and receive from appellee the same insurance premium which it receives from all others not so favorably situated, and then to disclaim liability for the benefits it has agreed to pay because such benefits have been paid by the Government under mandatory requirements of law, would create a windfall in appellant's favor and bring about an unconscionable and inequitable result. This we are not willing to do.
We have concluded and so hold that the trial court's construction of the Florida Automobile Reparations Reform Act was correct and proper in all respects and, therefore, the judgment appealed herein is affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] F.S. §§ 627.730-627.741, F.S.A.
[2] F.S. § 627.736, F.S.A.
[3] F.S. § 627.736, F.S.A.
[4] F.S. § 627.736(4), F.S.A.
[5] 10 U.S.C. § 1074.
[6] 42 U.S.C. §§ 2651-2653.