20036

Gaylord O. BLACKBURN, Respondent, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.

(216 S. E. (2d) 192)

536

*Joseph R. Young, Esq., of Young, Clement and Rivers,* Charleston, *for Appellant,*

*Messrs. Ellis I. Kahn* and *Raymons S. Baumil,* of *Solomon, Kahn and Roberts,* Charleston, *for Respondent,*

June 16, 1975.

LEWIS, Justice:

This is an appeal by defendant from an order of the lower court granting summary judgment in the amount of $2,000.00 in favor of plaintiff for medical payments coverage allegedly due under an automobile insurance policy issued by defendant to plaintiff. The judgment under appeal also included an award of attorneys' fees to plaintiff attorneys in the amount of $666.66, pursuant to Section 37-167.1, Supplement to the 1962 Code of Laws.

Plaintiff, a member of the United States Navy at the time was injured when he was struck by a vehicle driven by Leonard S. Taylor, the latter insured by Travelers Insurance Company. The United States Navy had a claim under the Medical Care Recovery Act (42 U. S. C., Section 2651) in excess of $9,000.00 for medical care furnished plaintiff because of the injuries received in the automobile accident. There was testimony that plaintiff's claim against the tortfeasor for the injuries received was of a value in excess of $10,000.00. Travelers agreed to pay its full coverage of

$10,000.00 in settlement of the claims of plaintiff and the Navy against the insured tortfeasor, and a joint draft in the amount was issued to plaintiff and the Navy. The Navy compromised its claim for $2,500.00 and executed a release to the tortfeasor and Travelers. The Navy endorsed the draft for $10,000.00 over to plaintiff and plaintiff in return gave his personal check to the Navy for the sum of $2,500.00, the amount specified in the release executed by the Navy.

The result of the foregoing settlement was that the Navy received only $2,500.00 of its total claim of over $9,000.00 for medical services to plaintiff, and plaintiff's recovery on his claim of over $10,000.00 was reduced by the amount paid to the Navy.

At the time of his injury, plaintiff had in force an automobile insurance policy, issued to him by defendant, which provided medical payments coverage with a limit of $2,-000.00. The policy provides that the insurer will pay "all reasonable expenses incurred within one year from the date of the accident for necessary medical, surgical, x-ray and dental services. . . . to or for the named insured . . . ." After the above mentioned settlement of the claims against the tortfeasor, plaintiff instituted this action, on behalf of himself and for the use and benefit of the United States Navy, to recover the full amount of the coverage for medical payments under the policy. Upon plaintiff's motion, the lower court granted summary judgment in favor of plaintiff in the amount of the medical payment coverage ($2,000.00) ; and this appeal followed.

The exceptions on appeal, which are set forth in appellant's brief with no other statement of the questions involved, are as follows:

"1. That His Honor erred in granting a motion for summary judgment in favor of the plaintiff when there was ample issues to be decided by the jury.

"2. That His Honor erred in granting a motion for summary judgment in favor of the plaintiff when there was a

genuine issue to be settled between the parties which has not been settled in South Carolina.

"3. That His Honor erred in granting attorneys' fees under Section 37-167.1 of the Code of Laws of South Carolina for 1962 as afended as said refusal to pay was not without reasonable cause or in bad faith."

Exceptions 1 and 2 are too general and indefinite to be considered. Rule 4, Section 6, of the Rules of this Court; *Solley v. Weaver,* 247 S. C. 129, 146 S. E. (2d) 164.

Although exceptions 1 and 2 do not comply with the rule, we have nevertheless reviewed the record and find no basis upon which to reverse the order granting summary judgment. While the action is brought by plaintiff on behalf of himself, it is also brought *for the use and benefit of the United States Navy.* Plaintiff's authorizations to bring the action for the use and benefit of the Navy is not questioned and the right of the Navy to recover the medical benefits due under the policy is well established. *United States v. Government Employees Insurance Company,* 4 Cir., 461 F. (2d) 58.

The right of the Navy to recover under the provisions of defendant's policy is not affected by the release given to the tortfeasor. The right of the Navy to recover from the tortfeasor is granted under the Medical Care Recovery Act, *supra.* Its right to recover from defendant arises from the contractual obligation of defendant to the plaintiff, the insured, to pay "to or for the named insured" the reasonable medical expenses incurred as a result of the accident. The release of the tortfeasor could not affect the totally independent contractual obligation of the defendant under its policy of insurance.

Since the unrecovered medical expenses incurred by the Navy exceed the amount recoverable under the present policy, we need not determine whether plaintiff has an independent right to recover in his own behalf, or the application of *Gordon v. Fidelity and Casualty Co. of New York,*

238 S. C. 438, 120 S. E. (2d) 509, in the determination of such right.

The lower court awarded attorneys' fees in the amount of $666.66 to plaintiff's counsel, pursuant to Section 37-167.1, Supplement to South Carolina Code of Laws. The third exception alleges that this was error.

Section 37-167.1 provides that attorneys' fees are recoverable when an insurer refuses "without reasonable cause or in bad faith" to pay a claim.

The policy of insurance in question was issued by defendant with full knowledge that plaintiff was a member of the armed forces and thereafter collected a full premium for the medical payments coverage. Defendant here was the defendant is the case of *United States v. Government Employees Insurance Company, supra,* where it was held that the Government, as a third party beneficiary, could recover under the policy for the value of the medical services rendered to an insured serviceman. The amount of the claim was not in dispute. These circumstances sustain the implicit finding of the lower court that the refusal to pay the present claim was without reasonable cause, thereby justifying the award of attorneys' fees.

Code Section 37-167.1(2) provides that, if an award of attorneys' fees is affirmed on appeal, "the Supreme Court *shall allow* to the respondent such additional sum as the court shall adjudge reasonable as attorneys' fees of the respondent on such appeal." (Emphasis added). Accordingly, we determine that, in this case, an additional attorneys' fee of two hundred fifty ($250.00) dollars is reasonable and shall be added to the judgment.

With the additional attorneys' fee herein allowed, the judgment of the lower court is affirmed.

Moss, C. J., and Bussey, Littlejohn and Ness, JJ., concur.