20180

Ebenezer M. COOK, Appellant, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.

(223 S. E. (2d) 33)

*Elliott D. Thompson, Esq.,* of Columbia, *for Appellant,*

*George E. Lafaye, III, Esq.,* of *Lumpkin, Lafaye & Bowman,* Columbia, *for Respondent,*

March 2, 1976.

RHODES, Justice:

This is an appeal by Ebenezer M. Cook from an order of the lower court refusing to award him the attorneys' fees

authorized under the provisions of S. C. Code § 37-167.1(1) (1962).

Cook, a retired member of the United States Air Force, suffered bodily injury in an automobile accident on November 19, 1971, while operating an owned automobile described in an insurance policy issued to him by the defendant-respondent, Government Employees Insurance Company (GEICO). Because of his military status, Cook received medical care and treatment from the United States, the value of which was $1,114.06. In addition, Cook incurred out-of-pocket related medical expenses in the amount of $441.44. Cook brought this suit in the lower court, on behalf of himself and the United States, to recover benefits under the medical payments coverage of the policy and statutory attorneys' fees. Neither the accuracy of the amount of medical expenses alleged nor the authority of Cook to bring the suit on behalf of the United States is questioned by GEICO. Cook moved for summary judgment and was granted judgment in the sum of $1,555.50, the value of both the medical services incurred by him and those furnished by the United States but no attorneys' fees were awarded Cook by the lower court.

The portion of S. C. Code § 37-167.1(1) (1962) with which this appeal is concerned provides as follows:

"In the event of a claim, loss or damage which is covered by a policy of insurance . . . and the refusal of the insurer . . . to pay such claim within ninety days after a demand has been made by the holder of the policy . . . and a finding on suit of such contract made by the trial judge of a county court or court of common pleas that such refusal was without reasonable cause or in bad faith, the insurer . . . shall be liable to pay such holder, in addition to any sum or any amount otherwise recoverable, all reasonable attorneys' fees for the prosecution of the case against the insurer . . . The amount of such reasonable attorneys' fees shall be determined by the trial judge and the amount added to the judg-

ment. In no event shall the amount of the attorneys' fees exceed one-third of the amount of the judgment or the sum of twenty-five hundred dollars, whichever is less."

The lower court predicated its denial of attorneys' fees on findings that GEICO had not refused to pay the out-of-pocket expenses incurred by Cook, and that the United States was not the "holder" of the policy in question.

It is undisputed that GEICO did timely forward to Cook's attorney a draft in the amount of $441.44 with a release to be signed by him, but refused to honor the portion of the claim relating to medical expenses furnished by the United States. The above acts of GEICO were taken in response to a claim forwarded it by Cook, the claim having been prepared on a standard GEICO form, in which he demanded payment in the sum above set forth on behalf of himself and the United States. Upon receipt of the draft, Cook's attorney attempted to obtain an acknowledgment from GEICO that an acceptance of the draft for Cook's out-of-pocket medical expenses would not prejudice the claim of the United States, but GEICO refused to give such assurance. As a result of the above, the draft was not negotiated and this suit was thereafter instituted.

We do not agree that the forwarding of the draft to Cook's attorney for only that portion of the expenses personally borne by him, coupled with the refusal of GEICO to agree that Cook could accept same without prejudicing the right of the United States, constituted a tender of payment within the intent of the statute. The following is quoted from the case of *Elliott v. Dew*, 264 S. C. 40, 212 S. E. (2d) 421 (1975): "As a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is nugatory and ineffective as a tender." The request by Cook's attorney that GEICO agree that the acceptance by Cook of the draft and the execution of the release would not prejudice the United States was reasonable. GEICO cannot successfully

contend that the offer of payment of only a portion of the claim asserted would relieve it from being subject to the payment of statutory attorneys' fees, and such finding by the lower court was in error.

The finding of the lower court that the United States was not the "holder" of the policy as required by the statute, and its conclusion that such a finding would bar the award of attorneys' fees in this case were erroneous. The plaintiff in this case is the insured, who is also the holder of the policy. The fact that the United States, as a third party beneficiary, is entitled to a portion of any proceeds derived from the suit does not alter the fact that the person suing is Cook, who is indisputably the holder of the policy, and that he will benefit from the award of attorneys' fees. The very recent case of *Blackburn v. Government Employees Insurance Company,* 264 S. C. 535, 216 S. E. (2d) 192 (1975), affirmed the award of attorneys' fees where the plaintiff was suing on behalf of the United States Navy.

For the foregoing reasons, we are of the opinion that the lower court was in error in its findings and conclusion that GEICO was not subject to payment of attorneys' fees in this case. Since the statute provides that the trial judge shall make the finding as to whether the insurance company refused payment without reasonable cause or in bad faith, the instant case must be remanded for that purpose. If the lower court concludes Cook is entitled to attorneys' fees, the amount awarded shall include "*all* reasonable attorneys' fees for the prosecution of the case . . . [However], in no event shall the amount of the attorneys' fees exceed one-third of the amount of the judgment or the sum of twenty-five hundred dollars, whichever is less." (Emphasis added.)  S. C. Code § 37-167.1(1) (1962). Hence, any award will include reasonable attorneys' fees for the handling of the case at the earlier stage before the lower court and for the instant appeal.

Cook has asked this Court to award him attorneys' fees as authorized by S. C. Code § 37-167.1(2) (1962) for the prosecution of this appeal. The statute directs the award of attorneys' fees by this Court for an appeal only when (1) attorneys' fees were awarded by the trial judge, (2) the award is affirmed on appeal, and (3) the appeal is prosecuted by the insurer. All three of these conditions being absent from this case, this Court is, accordingly, without authority to make such award.

Apparently, the rationale of the statute is that no award of attorneys' fees would be proper until the trial judge has made a determination that the refusal of the insurer to pay the claim was without reasonable cause or in bad faith. The only time this Court may make a separate and additional award for the prosecution of an appeal, which is regulated by our discretion and not subject to the one-third or twenty-five hundred dollar limitation of subsection one, is when the insured has satisfied the three conditions set forth in subsection two. Otherwise, the maximum allowable fee is controlled by subsection one and is to be set by the trial judge, subject, of course, to our review for any abuse of discretion.

This Court is constrained to point out the remarkable similarity between this case and Blackburn. Blackburn followed the rationale of the Fourth Circuit case of *United States v. Government Employees Insurance Co.*, 461 F. (2d) 58 (4th Cir. 1972), and we quote from Blackburn the following:

"Defendant here was the defendant in the case of *United States v. Government Employees Insurance Company, supra,* where it was held that the Government, as a third party beneficiary, could recover under the policy for the value of the medical services rendered to an insured serviceman. The amount of the claim was not in dispute. These circumstances sustain the implicit finding of the lower court that

the refusal to pay the present claim was without reasonable cause, thereby justifying the award of attorneys' fees."

In the present case it is to be further noted that Cook's attorney forwarded to the adjuster for GEICO, approximately six months prior to commencing this suit, a copy of the decision in *United States v. Government Employees Insurance Co., supra.*

Accordingly, we reverse and remand for further proceedings consistent with the view herein expressed.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.