143 N.J. Super. 462 (1976)
363 A.2d 397
MICHAEL J. SANNER, PLAINTIFF,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 30, 1976.
*463 Messrs Wilentz, Goldman & Spitzer for plaintiff.
Messrs. Hansen, Pantages, Sellar & Zavesky for defendant.
LONGHI, J.C.C., Temporarily Assigned.
This matter comes before the court on a stipulated set of facts and, by consent of the parties, is being treated as a declaratory judgment action to determine plaintiff's rights under the Personal Injury Protection Benefits (PIP) of an automobile insurance *464 policy issued in New Jersey pursuant to the No Fault Act.
On August 7, 1973 plaintiff Michael Sanner was a National Guardsman engaged in his two-week active tour of duty with the United States Army at Fort Dix, New Jersey. While on duty that day he was a passenger in a United States Army vehicle designated as a Ford M 151-A1 (jeep) which was involved in a collision with a civilian car owned and operated by a visitor to Fort Dix. As a result of the collision plaintiff sustained severe injuries. Medical care was and is being provided by the United States Army and the Veterans Administration, and some private medical care is also being provided. On the date of the accident plaintiff was the owner of two vehicles, both of whom were covered by an insurance policy issued by defendant Government Employees Insurance Company [GEICO].
Plaintiff has made a claim against GEICO pursuant to the PIP Benefits coverage of the policy. GEICO has and continues to refuse payment. Defendant resists payment on the basis that plaintiff (1) is not an insured person under the PIP provisions of the policy, (2) is excluded from PIP benefits since the injury resulted from acts incident to war, insurrection, rebellion or revolution, and (3) has not incurred any medical expenses.
Defendant asserts that since plaintiff was riding in a jeep owned by the U.S. Army, he is not an insured person under the PIP provision of the policy. This contention is based solely on the fact that plaintiff was injured in an automobile which was not owned by him. The act, N.J.S.A. 39:6A-4, provides that the insured person is entitled to PIP benefits so long as his injuries were sustained as a result of ownership, operation, maintenance or use of an automobile.
It is important to note that the injuries need not have been sustained by or in the named insured's automobile; coverage is extended to the named insured * * * if the bodily injuries are received as a result of any automobile accident. [Iavicoli, No Fault and Comparative Negligence in New Jersey, 25]
*465 The above construction has been judicially adopted. Harlan v. Fidelity & Cas. Co., 139 N.J. Super. 226 (Law Div. 1976).
If the named insured or a member of his family is injured as a result of an accident involving an automobile, it makes no difference if the insured person was, at the time of the accident, riding in a car or on a bicycle, motorcycle, truck * * * Such is the plain language of the statute. [at 229]
The assertion by GEICO that plaintiff is barred from recovery because the injury resulted from acts incident to war, insurrection, rebellion or revolution is totally without merit. Section 1, "Exclusions," paragraph (e), of defendant's policy precludes recovery for losses resulting from "bodily injury due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing." In order for the exclusion to apply defendant would have to show that there was some form of armed hostility as set forth in paragraph (e) and that plaintiff's injuries were "due to" such hostilities. The mere fact that plaintiff was a member of the Armed Forces and injured while on active duty is not sufficient.
Finally defendant asserts that plaintiff is not entitled to PIP benefits because he has not incurred medical expenses.
Plaintiff was injured while on active duty and all medical care is required to be furnished to him by the Federal Government. 10 U.S.C.A. § 1074. Defendant takes the position that since plaintiff is not personally responsible for the medical bills brought about by his injuries he has not incurred such bills within the meaning of the No Fault Act. It inferentially argues that the No Fault Act makes no requirement that an insurer pay to its assured medical expenses which a third party is required to pay and that such payments are thereby excluded from coverage.
Surely that is not the intent of the law. The applicable provisions of the No Fault Act require payment of all reasonable *466 medical expenses incurred as a result of personal injury sustained in an accident involving an automobile. N.J.S.A. 39:6A-4(a). The only exclusions or limitations on PIP benefits due to collateral sources are stated in N.J.S.A. 39:6A-6 which in pertinent part provides:
The benefits provided * * * shall be payable * * * without regard to collateral sources, except that benefits collectible under workmen's compensation insurance, employers temporary disability benefit statutes and medicare provided under Federal law, shall be deducted from benefits collectible * * *
There are no other exclusions or deductions permitted by statute.
Clearly, if plaintiff was an insured under the provision of a collateral disability policy, income continuation policy or medical insurance policy purchased by him he would be entitled to both the PIP benefits under the No Fault Act and the separate insurance policies. Iavicoli, No Fault and Comparative Negligence in New Jersey, supra at 44-45, 54-55. Any contrary holding would require all persons who maintain private medical payments of insurance policies to purchase no fault automobile insurance but receive no benefits therefrom.
There are a number of out-of-state cases addressing the issue of whether a party whose medical bills are paid by the Government pursuant to 10 U.S.C.A. § 1074 have incurred medical expenses so as to require payment by an insurer under no fault provisions or medical payments provisions of his automobile liability insurance policy. Katz v. Greig, 234 Pa. Super. 126, 339 A. 2d 115 (Super. Ct. 1975); Blackburn v. Government Employees Ins. Co., 264 S.C. 535, 216 S.E.2d 192 (Sup. Ct. 1975); Smith v. United Services Automobile Ass'n, 52 Wis.2d 672, 190 N.W. 2d 873 (Sup. Ct. 1971); Arvin v. Patterson, 427 S.W.2d 643 (Tex. Civ. App. Ct. 1968); United Services Automobile Ass'n v. Holland, 283 So.2d 381 (Fla. D. Ct. App. 1973); for a contrary result see Lefebvre v. Government Employees Ins. Co., 110 *467 N.H. 23, 259 A.2d 133 (Sup. Ct. 1969). Holland, supra is squarely on point.
In Holland a naval officer was injured as a result of an automobile accident and brought suit against his insurer for declaratory judgment to determine his rights under the Florida no fault insurance coverage. The medical expenses of the naval officer were, as in this case, covered pursuant to the provisions of 10 U.S.C.A. § 1074. The court held that the officer could recover for the benefit of the United States the value of the medical services he received, together with disability benefits.
As in Holland, this court is of the view that the No Fault Act was intended to remove from the area of negligence litigation certain aspects of damages sustained as the result of accidents involving automobiles.
The practical effect of this statute, although not specifically stated therein, is to substitute the injured person's own insurance company for the tortfeasor against whom he previously was permitted to proceed in order to recover damages as a result of the latter's negligence. It would therefore appear that where the damages suffered by the insured result from the tortious acts of third parties, the insured should be entitled to employ against its insurance carrier all provisions of law which he is in other circumstances permitted to employ against his tortfeasor in seeking recovery of damages suffered by him. Since an injured motorist may avail himself of the benefit accorded him under the collateral source rule in actions against tortfeasors, he has the same benefit of this rule when he seeks recovery against his insurance carrier who has not been substituted in the place and stead of the tortfeasor. * * * [Holland, supra at 384]
Absent specific statutory language to the contrary, there is no justification for making a distinction between benefits received by an injured person pursuant to some private medical payment insurance purchased by him and benefits received pursuant to 10 U.S.C.A. § 1074. If this is a result not intended by the Legislature, then it ought to address itself to the issue and by specific statutory language permit a no fault carrier to deduct from its payments such amounts as are paid or collectible under 10 U.S.C.A. § 1074.
*468 While the issue is not specifically raised by the pleadings, plaintiff would be entitled to bring this suit for the benefit of the United States Government.
Federal law requires that persons injured while on duty in one of the uniform services are entitled to medical services. 10 U.S.C.A. § 1074. The Federal Medical Care Recovery Act, 42 U.S.C.A. §§ 2651-2653, creates a cause of action on behalf of the Government for recovery against a wrongdoer the reasonable value of medical treatment furnished to an injured person to whom it is required by law to give medical care. Under this statute the Government is permitted to intervene or join in any action by the injured party against a tortfeasor. It may even bring an action in its own name or that of the injured party against the wrongdoer if the injured person neglects to do so.
In this case plaintiff has started an action against two possible tortfeasors Sanner v. Dunphey and the Ford Motor Co., Docket L 18948-73. The U.S. Government would have every right to intervene in that case. Plaintiff in the tort action will be unable to advance the reasonable value of his medical expenses.
Clearly plaintiff in this action would be entitled to recover from GEICO for the benefit of the Government the reasonable value of medical services. The Government's right to be reimbursed cannot be frustrated simply because our No Fault Act insulates tortfeasors from liability for claims of medical expenses which under no fault are recoverable against the injured party's insurance carrier.
When a specific interest or right has been conferred upon the United States by statute, the remedies and procedures for enforcing the right are not to be narrowly construed so as to prevent effectuation of the policy declared by Congress. [United States v. York, 398 F.2d 582, 586 (6 Cir.1968)]
Judgment is hereby entered against defendant, and plaintiff is entitled to all PIP benefits provided by the terms of his insurance policy.