Marilyn GUYOTE and Patricia Lou
Sarchet, Heirs at Law of Dorothy
C. Sarchet, Deceased, Plaintiffs,

v.

MISSISSIPPI VALLEY GAS COMPA-
NY, James Sumrall and Sue
Sumrall, Defendants.

Civ. A. No. J87–0072(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

May 11, 1989.

Davis Hall Smith, Harold Leon Miller, Jackson, Miss., for plaintiffs.

William C. Griffin, Steen, Reynolds, Jackson, Miss., for James and Sue Sumrall.

Roger Googe, Overstreet & Kuykendall, Jackson, Miss., for Mississippi Valley Gas Co.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiffs, Marilyn Guyote and Patricia Lou Sarchet, heirs at law of Dorothy C. Sarchet, deceased, brought this diversity action against Mississippi Valley Gas Company (MVG), James Sumrall and Sue Sumrall seeking recovery for the wrongful death of Dorothy C. Sarchet. Presently before the court is the motion in limine of defendant MVG. Plaintiffs have responded to the motion, and the court has con-

sidered the memoranda of the parties in ruling on the motion.

On August 11, 1985, Dorothy C. Sarchet was injured in a natural gas explosion and fire at her apartment. From the date of the accident until her death on October 18, 1985, Mrs. Sarchet was hospitalized at the Delta Medical Center in Greenville, Mississippi. Because Mrs. Sarchet had been the spouse of a United States military officer, she was covered as a dependent through the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS). Through CHAMPUS, the United States paid $231,695.54 toward Mrs. Sarchet's medical expenses, an amount representing approximately 80 percent of her total medical bill. Defendant MVG seeks by its motion in limine to exclude evidence of those expenses paid by CHAMPUS, thereby reducing plaintiffs' potential recovery from defendants by $231,695.54. In support of its motion, MVG directs the court's attention to the Medical Care Recovery Act, 42 U.S.C. §§ 2651–53 (1973) (MCRA or Act), and urges the court to interpret the Act as providing that the United States is the exclusive party entitled to recover this amount from defendants.

The MCRA grants the United States the right to recover from a third-party tortfeasor the reasonable value of medical care provided to an injured party "[i]n any case in which the United States is authorized or required by law to furnish" such care. 42 U.S.C. § 2651(a). The Act also grants to the United States the right to require the injured party to assign his claim or cause of action, to the extent of this right of recovery, to the United States. *Id.* In order to enforce its right, the United States may intervene in an action brought by the injured party, or, if the injured party or his representative does not bring an action within six months of the first day of medical treatment, the United States may bring its own independent action against the tortfeasor. 42 U.S.C. § 2651(b). In the present case, the United States has neither intervened nor brought an independent action for these expenses against defendants. Furthermore, the United States is now barred by the applicable statute of limita-

tions, 28 U.S.C. § 2415(b) (1978 & Supp. 1988), from bringing an independent action. Thus, the only question presently before this court is whether the plaintiffs, Dorothy Sarchet's heirs at law, may recover these expenses from defendants.

■ MVG relies on a 1968 Fifth Circuit case to support its interpretation that plaintiffs' recovery should be disallowed. In *United States v. Fort Benning Rifle.and Pistol Club*, 387 F.2d 884 (5th Cir.1967), the court, interpreting the MCRA, addressed the issue of whether the United States' claim against the tortfeasor was subject to the state statute of limitations for the particular tort in question. The relevant portion of the Act analyzed by the court states that, as to the right of recovery from the tortfeasor, the United States shall "be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished." 42 U.S.C. § 2651(a). The Fifth Circuit concluded that the Act creates in the United States an independent right of recovery that is subrogated only in the sense that recovery depends upon a determination of tort liability to the injured party under state law, and that, therefore, the United States' claim is subject only to those state law defenses which would negate the Act's requirement that the injury "arise under circumstances creating a tort liability." In justifying its conclusion that the United States' right is not subrogated in all respects, the court stated as follows:

> The government's right to recover cannot be a wholly subrogated right, in the traditional sense, since the only time the Act applies and authorizes recovery is when the United States is required by law to give treatment and care, and hence the injured party, not having himself furnished such care, has no right of recovery to which the United States can be subrogated.

*Fort Benning*, 387 F.2d at 887.

The defendant seizes upon the phrase "has no right of recovery" as supporting a

proposition not really at issue in *Fort Benning*—that the injured party would never have a right to recover the expenses for which the Act grants to the United States a right of recovery. Defendant's interpretation is not persuasive. This court construes the language in *Fort Benning* as indicating only that (1) the MCRA applies only in those cases in which the United States actually furnishes, rather than merely pays for, medical care, and (2) under such circumstances, the injured party would himself have incurred no expenses and thus could not recover from the defendant the value of the medical care provided.[1] Thus, the Fifth Circuit's conclusion that the injured party would have no claim for the cost of medical care is based upon its premise that the United States would have actually furnished the medical care, as in a government hospital.[2] In the present case, the United States simply paid, through CHAMPUS, the costs of Mrs. Sarchet's treatment in a manner indistinguishable from that of a private insurer. Under the interpretation of the Act expressed in *Fort Benning*, the government could not recover in the present case, and therefore the Act would not bar plaintiffs from recovering all medical expenses.

If, on the other hand, the government would have a right of recovery under the Act in the present case, despite its not having furnished the medical care, then the cited portion of *Fort Benning* is not controlling, as the statements therein are based on the assumption that the Act would not apply in such a case. Turning to other authority, the court concludes that plaintiffs may recover these expenses from defendants. The MCRA explicitly gives to the United States the right to require the injured party "to assign his claim or cause of action against the third person to the extent of that right or claim," 42 U.S.C. § 2651(a), and, further, in another section states that "[n]o action taken by the United States in connection with the rights afforded under this legislation shall operate to deny to the injured person the recovery for that portion of his damage not covered hereunder," 42 U.S.C. § 2652(c). Thus, the Act contemplates that the injured party may have a claim for those same expenses; otherwise, there would be nothing which he could "assign." Moreover, the focus of the Act is the government's right of recovery; it does not address or purport to affect the injured party's right other than to allow the government to require assignment of that right. Whatever rights of recovery an injured party may have under state law remain intact under the Act.[3] This interpretation of the MCRA is supported by the holdings of other courts that where the United States does not assert its right under the Act, the injured party may recover. *Transit Homes, Inc. v. Bellamy*, 282 Ark. 453, 671 S.W.2d 153 (1984); *Whitaker v. Talbot*, 122 Ga.App. 493, 177 S.E.2d 381 (1970); *Arvin v. Patterson*, 427 S.W.2d 643 (Tex.1968); *see also* 22 Am.Jur.2d *Damages* § 573.[4]

1. The determination of whether an injured party could recover from the tortfeasor the value of medical care for which he incurred no expense is a question of state law. Today, the prevailing view is that such damages are recoverable. *See Restatement (Second) of Torts* § 920A Comment C(3).

2. The statute has since been interpreted by the government as allowing recovery of payment for medical care. *See* 32 C.F.R. § 199.12 (setting forth the specific procedure whereby the United States may recover money paid through CHAMPUS for the expenses of medical care). *But cf. Our Lady of Mercy Hosp. v. McIntosh*, 461 S.W.2d 377 (Ky.1970) (stating that the MCRA would not apply to payment made by the United States through the Medicaid program). This court is aware of no case in which the United States was denied recovery under the Act

because it did not actually furnish the medical care.

3. That this right remains governed by state law has been recognized by other courts. *See, e.g., Smith v. Foucha*, 172 So.2d 318 (La.1965) (recovery by injured party for care at a veterans' hospital disallowed under state law); *United States v. Bartholomew*, 266 F.Supp. 213 (W.D. Okla.1967) (injured party had no claim which could be assigned to United States, since state law would disallow recovery for medical expenses where injured party was under no personal obligation to pay those expenses).

4. It is not necessary to reach the question of how this result might be affected were the United States also attempting to recover the amount of its payment from the defendants. In the present case there appears to be no danger to

■ Because the MCRA does not affect plaintiffs' right of recovery, this case is controlled by Mississippi's collateral source rule, under which "a tort feasor is not entitled to have the damages for which he is liable reduced by proving that an injured party has received compensation from a collateral source wholly independent of the tort feasor." *Preferred Risk Mutual Ins. Co. v. Courtney*, 393 So.2d 1328, 1331 (Miss.1981). This rule requires that at trial plaintiff be allowed to present evidence of the total medical expenses incurred, including the $231,695.54 paid by the United States through CHAMPUS.

Accordingly, because there is no basis for excluding evidence of these expenses, MVG's motion in limine is hereby denied.

SO ORDERED.

defendants of double liability, since the United States has not chosen to intervene in the action and is time-barred by the statute of limitations from prosecuting a separate action under the Act.