SMITH, Appellant, v. UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent.*

*No. 221. Argued October 7, 1971.—Decided November 2, 1971.*
(Also reported in 190 N. W. 2d 873.)

* Motion for rehearing denied, with costs, on January 4, 1972.

For the appellant there was a brief and oral argument by *Charles P. Reiter* of Milwaukee.

For the respondent there was a brief by *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Donald R. Peterson* of counsel, all of Milwaukee, and oral argument by *Donald R. Peterson.*

ROBERT W. HANSEN, J. If the plaintiff had remained at the civilian hospital, he would have been entitled to be paid under the medical care provision [1] of the policy issued by defendant for the cost of such care. But he spent only one day in the civilian hospital, and the question to be answered is whether he can also collect under that policy for the months spent as a patient in the navy hospital where no charge was levied against him for such care and treatment.

---

[1] The pertinent provision of the policy provides:

"**Coverage C—Medical Payments.** To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"**Division 1.** To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident."

The answer to that question and the decision in this case is controlled by the case of *Kopp v. Home Mut. Ins. Co.*[2] There, as here, the plaintiff was injured in an automobile accident, and recovery was sought under a medical care provision of an insurance policy, identical in language to the provision here involved.[3] There, as a subscriber to the Blue Cross hospital benefit plan, the plaintiff's injuries were treated without charge or cost to him by the Blue Cross affiliated hospital where he was cared for. Here, the plaintiff's hospital care was provided, without charge or cost to him, by the United States Navy because of his being in navy service. Here, as there, the refusal of the insurer to pay the plaintiff's claim is primarily ". . . placed upon the very narrow ground that the plaintiff never incurred any expense for his hospitalization."[4]

In *Kopp,* this court held the injured plaintiff could recover under the medical payment provision, stating that ". . . where the injured person (in this case the insured) pays a consideration to have the expense of such medical or hospital services paid without liability to such injured person, . . . the injured person should be permitted to recover such expense under the policy clause in question."[5] The result would be a contrary holding, the court stated in *Kopp,* if the medical or hospital services had been supplied to the injured insured ". . . by some third-party volunteer without cost or personal liability to pay therefor on the part of such injured person. . . ."[6] Was the care and treatment

---

[2] (1959), 6 Wis. 2d 53, 94 N. W. 2d 224.

[3] The pertinent provision of the medical payment provision involved in the *Kopp Case* is exactly as set forth in fn. 1, there quoted from the policy in the case before us.

[4] *Kopp v. Home Mut. Ins. Co., supra,* at page 56.

[5] *Id.* at page 58.

[6] *Id.* at page 58.

in the navy hospital a service provided for a "consideration" paid by plaintiff, or was it a gift from a "third-party volunteer" entirely gratuitously provided?

If the United States Navy, in providing free hospital and medical services to its personnel, is a "third-party volunteer" providing a gift or gratuity, *Kopp* controls to bar recovery by the plaintiff here. If the navy-provided hospital and medical services are provided for a "consideration," and are not gratuitously provided, *Kopp* controls to authorize recovery by the plaintiff here.

Obviously, the right to withhold, ordinarily an aspect of a gift, is lacking where the federal law requires the providing of hospital and medical services to members of the armed forces.[7] As obviously, where the branch of the service providing such service is entitled by law to recover, as the navy here did, the cost of such provided service,[8] the right to reimbursement ordinarily is no part of a gratuitous giving. We deal with something more than a gratuity to be bestowed at the option of the employer as a gift to its employees. We deal rather with a perquisite of employment, one of the benefits provided by the Congress, along with the serviceman's pay, as compensation for services rendered the members of the armed forces. The plaintiff, and others in the armed services, do not pay a cash premium for such entitlement to hospital and medical care, but they pay by the performing of the work and duties of the job or position they hold. The work they perform is what they pay or give; the entitlement to medical and hospital treatment is one of the returns they receive. As another court has put it:

"Just as the Blue Cross was held to have 'incurred' the hospital costs, we think here the federal government,

---

[7] 10 U. S. Code, secs. 1074, 1075.

[8] 42 U. S. Code, secs. 2651–2653.

in effect, 'incurred' the hospital costs of appellee in consideration for her services in the armed forces. . . ." [9]

Applying the *Kopp* test, we find that the United States Navy, as the employer of plaintiff, when it provided hospital and medical care to the plaintiff, was not making a gift or gratuity. It was providing a concomitant of employment for a consideration paid by plaintiff, to wit: the services performed for the navy by him as its employee. So holding, reversal is required and a return to the trial court for the entry of judgment in the amount of $2,341.40, plus interest and costs, including the costs of this appeal.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment pursuant to this opinion.

---

[9] *State Farm Mut. Automobile Ins. Co. v. Fuller* (1960), 232 Ark. 329, 333, 336 S. W. 2d 60, 63. *See also: Heis v. Allstate Ins. Co.* (1968), 248 Or. 636, 642 (fn. 4), 436 Pac. 2d 550, 553, stating: "It may be argued that the medical services rendered without charge to military or other governmental personnel is not gratuitous but is a part of the compensation inducing their enlistment or employment."