PAUL E. HOLLISTER ET AL., APPELLEES, V. GOVERNMENT EMPLOYEES INSURANCE COMPANY, APPELLANT.

224 N. W. 2d 164

Filed December 12, 1974. No. 39487.

Boland, Mullin & Walsh, Stephen M. Swartz, and Robert D. Mullin, Jr., for appellant.

James F. Fenlon and Victor J. Lich, Jr., for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action to recover under a contract of insurance issued by defendant to plaintiff Paul E. Hollister for hospital and medical services rendered to his wife. Judgment was entered for plaintiffs and we affirm that judgment.

Plaintiff Paul Hollister was on active duty with the United States Army and, as such, was entitled to have medical expenses incurred in behalf of his dependents, in other than government hospitals, paid by the United States in accordance with the provisions of Title 10, U.S.C.A., chapter 55, sections 1071 et seq. The medical expense amounted to $2,199. Plaintiffs paid a nominal sum and the rest was paid by the United States.

The policy was limited to $2,000 and provided that defendant agreed "To pay all reasonable expenses *incurred* * * *." (Emphasis supplied.) The sole question presented is whether or not plaintiffs incurred that portion of the expense paid by the United States. It is generally held that when a serviceman, or his dependent, is treated in a government hospital such as a public health service hospital or a veterans hospital that no expense is incurred. The theory upon which these cases

rely is that since no charges are made by such hospitals, no expense is incurred. See, Irby v. Government Employees Ins. Co. (La. App.), 175 So. 2d 9; United States v. St. Paul Mercury Indemnity Co., 238 F. 2d 594 (8th Cir., 1956).

Title 10, U.S.C.A., chapter 55, contemplates the treatment of servicemen in other than government hospitals, that charges for the services rendered will be made, and that the United States shall pay for the greater part of such services. The statutes do not exonerate the servicemen from personal liability for charges made and there is nothing in the record before us regarding any contract or governmental rule to this effect. The record discloses that the charges made by the hospital were fair and reasonable. "Where services are furnished by one party to another, and knowingly accepted by him, the law implies a promise on his part to pay the reasonable value of the services." Bush v. Kramer, 185 Neb. 1, 173 N. W. 2d 367. The hospital services were furnished to plaintiffs and accepted by them with the knowledge that a charge would be made for them. The fact that as part of their remuneration for services rendered to the United States the government would pay for the hospital expense does not alter the fact that plaintiff Paul Hollister was himself primarily liable for the expense and would have had to pay it if the government did not.

Ordinarily the term "incurred" is construed to mean that one has become obligated or liable for the expense involved. See, American Indemnity Co. v. Olesijuk (Tex. Civ. App.), 353 S. W. 2d 71; Lefebvre v. Government Employees Ins. Co., 110 N. H. 23, 259 A. 2d 133.

Are expenses "incurred" by a serviceman when he receives assistance under Title 10, U.S.C.A., chapter 55? In Lefebvre v. Government Employees Ins. Co., *supra*, it was held that they were not. The case refers however to treatment received free of charge in a

government hospital and indicates that the defendant insurer *has paid* for medical expense received for civilian treatment. It is consequently not in point.

We have been unable to find a case directly in point under the Title 10 provisions. There are, however, a number of cases in which the fundamental issue is the same. In American Indemnity Co. v. Olesijuk, *supra*, a serviceman received treatment from civilian sources, paid for such services, and was reimbursed by the United States Navy as provided in Title 10, U.S.C.A., section 6203. It was held that he had incurred medical charges and could recover from the liability insurer. The case holds further that when Olesijuk received treatment there was created an implied contract to pay for such services that he became liable therefor and that the fact he had other arrangements for the reimbursement of his expenses does not operate to relieve insurer from its obligation to pay.

The situation is analogous to one where the expense is paid by the workmen's compensation carrier of the employer of debtor. In Thomas v. Universal Life Ins. Co. (La. App.), 201 So. 2d 529, it was held: "Hospital expenses and doctor services which were charged to insured and for which he was legally liable were 'incurred' within meaning of hospital and surgical expense policy agreeing to pay only expenses actually incurred, notwithstanding the entire payment of these medical expenses by his employer's workmen's compensation carrier." See, also, Rubin v. Empire Mut. Ins. Co., 25 N. Y. 2d 426, 255 N. E. 2d 154.

In Dillione v. Deborah Hospital, 113 N. J. Super. 548, 274 A. 2d 597, insured's expenses were paid by the State Rehabilitation Commission but the insurer was held liable and the court stated: "The general rule is that the insured will not be barred from recovery on a policy providing for payment of hospital or medical services, etc. for which he has 'incurred expense,' or

similar language, by mere reason of the availability of collateral means of discharging his liability therefor so as to have relieved him of the need to pay the charges personally."

In Kopp v. Home Mut. Ins. Co., 6 Wis. 2d 53, 94 N. W. 2d 224, plaintiff had Blue Cross insurance which covered his medical expense but he was permitted to recover under an automobile policy providing medical payments coverage. To the same effect is Feit v. St. Paul Fire & Marine Ins. Co., 209 Cal. App. 2d 825, 27 Cal. Rptr. 870.

In Rubin v. Empire Mut. Ins. Co., *supra*, recovery was permitted under an automobile liability policy with a medical expense provision notwithstanding such expense had been paid by the workmen's compensation insurance carrier of the employer.

In each of the foregoing cases the medical expense was held to have been "incurred" within the meaning of the term in the applicable policies. The principle underlying these cases is equally applicable to the situation here presented.

The policy here at issue under medical coverage provided insurer would "* * * pay all reasonable expenses incurred * * *: To or *for* the named insured and each relative * * *." (Emphasis supplied.) It further states: "The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or *on behalf of* each person * * *." (Emphasis supplied.) This language indicates that the insurer is liable even though the expense is incurred by some other party "for * * * or .on behalf of" the insured. Such was the holding in Kopp v. Home Mut. Ins. Co., *supra*, in Smith v. United Services Auto. Assn., 52 Wis. 2d 672, 190 N. W. 2d 873, and in Feit v. St. Paul Fire & Marine Ins. Co., *supra*.

We conclude that under the circumstances prevailing

in this case, the plaintiffs incurred the expense in ques-tion but that irrespective of this feature, the expense would have been incurred for or on their behalf and would have entitled them to collect under the terms of the policy.

The judgment of the District Court is affirmed and plaintiffs are allowed an attorney's fee in this court in the sum of $750.

AFFIRMED.