**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,**

v.

**Daniel VAIL, et al., Appellees.**

**No. 8656.**

Court of Appeals of Texas, Beaumont.

Oct. 22, 1981.

Rehearing Denied Nov. 12, 1981.

George H. Spencer, Jr., San Antonio, for appellant.

James E. Hope, San Antonio, for appellees.

KEITH, Justice.

Defendant below appeals from an adverse judgment rendered in a bench trial for benefits alleged to be due under the Personal Injury Protection (PIP) endorsement upon an automobile insurance policy.

Daniel Vail, a minor, was injured when a car in which he was riding, being driven by one Michael Gray, was involved in an accident. He received extensive medical and hospital treatment in Brooke Army Hospital at Fort Sam Houston at a cost in excess of $10,000. His father, Warren Vail, was retired from the United States Air Force, and the treatment was rendered to his dependent minor son Daniel Vail as part of the benefits to which the father was entitled as a retired member of the Air Force.

In the primary lawsuit against Michael Gray and others, James Hope, representing the Vails as plaintiffs, also represented the United States Government in its claim for recoupment of the medical and hospital costs it had assumed in the treatment of Daniel Vail pursuant to the provisions of *42 U.S.C.A. § 2651*. The primary lawsuit was settled for $40,000, with our present defendant, GEICO, contributing to the gross settlement. The releases specifically excepted the claim for PIP benefits which might be due to the Vails because of their policy of insurance issued to Warren Vail. Addition-

ally, Vail set aside in excess of $10,000 from the settlement as a trust fund to reimburse the government for the expenses it had incurred.

In the bench trial, many stipulations were entered into and the adult plaintiff testified that he had not paid the government any money for the medical and hospitalization of his son since that was a part of his fringe benefit package as a retired member of the military establishment. The amount of the government's claim was stipulated. The judgment against defendant was for the claim, penalties, and attorney's fees.

■ There is no factual dispute between the parties, and the critical question is stated correctly from defendant's view, its first point:

"The insured Plaintiff did not 'incur' any medical expenses within the meaning of the insurance policy in issue, and therefore they have no right to recover from the Defendant under their contract of insurance."

We do not agree and overrule such point of error.

The PIP endorsement in this case obligated the defendant to pay:

"(1) ...any member of the insured's household who sustains bodily injury, caused by accident, in a motor vehicle accident, ...

for losses incurred by such injured person within three years of the date of such accident for:

"(1) all reasonable and necessary medical expenses incurred for services furnished, ...

during the period of such injured person's disability."

The critical word in our dispute is, of course, "incurred". It does not appear that the precise question has come to the attention of an appellate court in Texas, although the parties cite to us cases from other jurisdictions.[1] On the other hand, plaintiff calls to our attention several out of state cases which he asserts support his position.[2]

In the case arising in Texas having remarkable similarity to our facts, the Fifth Circuit held in *United States v. United Services Automobile Ass'n*, 431 F.2d 735, 737 (5th Cir. 1970):

"We conclude that the United States was clearly a third-party beneficiary of the policy issued to the member of the military services for whom the government was required by law to furnish medical service in case of such an accident."

A similar result was reached in *United States v. Government Employees Ins. Co.*, 461 F.2d 58, 59 (4th Cir. 1972), and in *United Services Automobile Ass'n v. Holland*, 283 So.2d 381 (Fla.App.1973).

The only Texas case with any factual similarity which has come to our attention is *American Indemnity Co. v. Olesijuk*, 353 S.W.2d 71 (Tex.Civ.App.—San Antonio, 1961, writ dism'd), where the Court defined the word "incur".[3] Although both parties cite and discuss *Olesijuk*, its fact structure detracts from its persuasiveness in the case at bar. There, the plaintiff. a physician in the United States Navy, was injured while riding in his brother's automobile. He re-

**1.** Defendant cites and relies upon these cases, inter alia: *Lefebvre v. Government Employees Ins. Co.*, 110 N.H. 23, 259 A.2d 133 (1969); *United States v. Nationwide Mut. Ins. Co.*, 499 F.2d 1355 (9th Cir. 1974); *United States v. St. Paul Mercury Ind. Co.*, 238 F.2d 594 (8th Cir. 1956); *Irby v. Government Employees Ins. Co.*, 175 So.2d 9 (La.App.1965); *Gordon v. Fidelity & Cas. Co.*, 238 S.C. 438, 120 S.E.2d 509 (1961); *Sanner v. Government Employees Ins. Co.*, 150 N.J.Super. 488, 376 A.2d 180 (1977), aff'd, 75 N.J. 460, 383 A.2d 429 (1978); *Hollister v. Government Employees Ins. Co.*, 192 Neb. 687, 224 N.W.2d 164 (1974).

**2.** *Smith v. United Services Automobile Ass'n*, 52 Wis.2d 672, 190 N.W.2d 873 (1971); *Criterion Ins. Co. v. Starkes*, 249 Md. 694, 241 A.2d 707 (1968); *United Services Automobile Ass'n v. Holland*, 283 So.2d 381 (Fla.App.1973); *United States v. United Services Automobile Ass'n*, 431 F.2d 735 (5th Cir. 1970).

**3.** "The word means to become liable to or subject to, 'to bring on', 'occasion', 'cause', or 'become liable or subject to through one's own action; bring upon oneself; as to incur liabilities or penalties.' " (353 S.W.2d at 72).

ceived treatment in a private hospital in Kerrville and, when the insurance company refused to pay the hospital and medical bills, he sued. The carrier defended on the ground that because Dr. Olesijuk had been reimbursed by the Navy for his expenses "he owes no debt and has suffered no loss, and consequently incurred no expenses." (353 S.W.2d at 73) We do not find the language used in *Olesijuk* applicable or controlling in the case at bar.

Justice Barrow, writing for the Court in *Olesijuk*, affirmed the trial court's judgment, noting that when Dr. Olesijuk entered the private hospital and received treatment "there was created an implied contract to pay for such services, and he became liable therefor." (353 S.W.2d at 72).

We do not find the holding in *Olesijuk* applicable to our fact structure.

Nor do we agree with defendant's major conclusion, quoted in the margin,[4] that "the medical treatment afforded to Daniel Vail was free of charge."

The Supreme Court of Wisconsin in *Smith v. United Services Automobile Ass'n*, 52 Wis.2d 672, 190 N.W.2d 873, 874–875 (1971), articulated a rule which we now adopt as applicable to our case:

"Obviously, the right to withhold, ordinarily as aspect of a gift, is lacking where the federal law requires the providing of hospital and medical services to members of the armed forces. As obviously, where the branch of the service providing such service is entitled by law to recover, as the Navy here did, the cost of such provided service, the right to reimbursement ordinarily is no part of a gratuitous giving. We deal with something more than a gratuity to be bestowed at the option of the employer as a gift to its employees. We deal rather with a prequisite of employment, one of the benefits provided by the Congress, along with the serviceman's pay, as compensation for services rendered the members of the armed forces. The plaintiff, and others in the armed services, do not pay a cash premium for such entitlement to hospital and medical care, but they pay by the performing of the work and duties of the job or position they hold. The work they perform is what they pay or give; the entitlement to medical and hospital treatment is one of the returns they receive. . . ."

A similar holding was made in *Criterion Insurance Co. v. Starkes*, 249 Md. 694, 241 A.2d 707 (1968).

Plaintiff was required to escrow the cost of the hospitalization and medical expenses incurred when he settled with the tortfeasor and his insurers. He is now entitled to receive the reimbursement from the defendant which was promised to him when he paid his premium therefor. The judgment of the trial court was correct and it is now affirmed.

The remaining points of error are rendered immaterial because of our holding as to point one. Consequently, we do not express any opinion as to such contentions.

AFFIRMED.

---

4. "In summary, the Plaintiff simply did not incur any expenses since the medical treatment afforded to Daniel Vail was free of charge. Absent the creation of a liability or obligation for payment, the triggering event for Defendant's liability under the insurance policy never occurred and the trial court was in error in finding and holding that Defendant owed Plaintiffs under the policy."