199 N.J. Super. 127 (1985)
488 A.2d 1036
CAROL DALL'AVA, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF GILBERT DALL'AVA, DECEASED AND CAROL DALL'AVA, INDIVIDUALLY, PLAINTIFF-APPELLANT-CROSS-RESPONDENT,
v.
H.W. PORTER COMPANY AND PORTER HAYDEN COMPANY, DEFENDANT-RESPONDENT-CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1985.
Decided February 22, 1985.
*128 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Ronald B. Grayzel argued the cause for appellant (Levinson, Conover, Axelrod, Wheaton & Grayzel, attorneys; Ronald B. Grayzel, of counsel and on the brief; Robert A. Negran, on the brief).
*129 Stephen J. Foley argued the cause for respondent (Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys).
The opinion of the court was delivered by GAYNOR, J.A.D.
In this asbestos product liability case, plaintiff appeals from the denial of an award of prejudgment interest for the four months the litigation was delayed because of the court ordered stay following the bankruptcy filing by Johns-Manville Corporation, a codefendant. We are satisfied the trial court did not abuse its discretion in suspending the running of prejudgment interest for this period and affirm.
Defendant cross-appeals from the award of prejudgment interest for the time period preceding Johns-Manville's filing of its petition in bankruptcy, contending for the first time that such award is not required under the circumstances of this case.
The controlling rule, R. 4:42-11(b), provides:
Except where provided by statute with respect to a public entity or employee, and except as otherwise provided by law, the court shall, in tort actions, including products liability actions, include in the judgment simple interest at 12% per annum on the amount of the award from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest. The contingent fee of an attorney shall not be computed on the interest so included in the judgment.
The rule as originally adopted did not provide for any exception to the inclusion in a tort action judgment of interest for the specified period prior to the judgment. The 1975 amendment added the clause permitting the discretionary suspension of such interest by the court in exceptional cases. This addition to the rule reflected the urging of Judge Conford in his dissent in Busik v. Levine, 63 N.J. 351, app. dism., 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973), that the application of prejudgment interest should be left to the sound discretion of the trial court. Kotzian v. Barr, 81 N.J. 360, 363-364 (1979). In considering what might constitute an "exceptional case" justifying the *130 exercise of the permitted discretion, the following comments of Judge Conford in his dissent in Busik are instructive:
... there might be intervening appeals between institution of action and final judgment, inordinately protracting the interest payment period.... Must interest be nevertheless inexorably awarded the plaintiff for the entirety of the intervening period before final judgment without the tempering discretion of the judge? Or suppose the defendant tenders at the outset a settlement offer which the plaintiff unreasonably refuses....
* * * * * * * *
... But not all tort defendants are insured; many are insured for substantially less than the trial award; and many, who are not insured at all or are insufficiently insured, may be relatively impecunious.... In such instances the defendant may not have actually earned interest on the award during the intervening period, or on the total amount of the award, and allowance of prejudgment interest on the whole award could well operate oppressively or unfairly.... [63 N.J. at 383, 384].
This court has observed "that the authorization of R. 4:42-11(b) for the judicial suspension of interest extends only to those cases where an award of interest would neither advance the aim of early settlement nor constitute fair compensation to plaintiff for money withheld and used or presumptively used by defendant." Kotzian v. Barr, 152 N.J. Super. 561, 566 (App. Div. 1977), rev'd on other grounds 81 N.J. 360.
It should be noted that even before the amendment to the rule permitting the suspension of prejudgment interest, under certain circumstances, it was recognized that fairness and justice would not be served by the running of interest during the period of a plaintiff's inability or unwillingness to proceed with the case where defendant is not at fault. Espin v. Allergan, 127 N.J. Super. 496 (Law Div. 1973).
Plaintiff urges that an exceptional circumstance justifying the suspension of interest can arise only through some fault of the plaintiff, citing Quinones v. Passaic Boys Club, 183 N.J. Super. 531, 536 (Law Div. 1982), wherein the court concluded "that some fault on the part of plaintiff is necessary to create an `exceptional case'...." While the prejudgment interest rule may be for the benefit of a plaintiff, we discern nothing in the rule or the decisions of our appellate courts which supports the *131 conclusion that an "exceptional case" must be equated with fault on the part of a plaintiff. To the extent that Quinones v. Passaic Boys Club, 183 N.J. Super. 531 stands for that proposition it is overruled. As observed by Judge Conford in his dissent in Busik there are varied situations, not involving fault of a plaintiff, where equitable considerations favor the denial, or partial allowance, of prejudgment interest. The present case presents another such circumstance.
Here, the delay in the completion of the litigation was not due to the conduct of either party, but rather resulted from the court ordered stay due to the bankruptcy proceedings involving Johns-Manville. Ordinarily, the bankruptcy of a codefendant would not be cause for staying the proceedings as to other defendants. However, in the instant case, the nature of the claim, the involvement of Johns-Manville in this and many other asbestos-related cases as the primary responsible party and the need to assess the effect of the bankruptcy filing on the disposition of pending suits prompted the order staying the actions in which Johns-Manville was a party. These conditions created an exceptional situation affecting this litigation. As far as the parties were concerned the resulting four month delay in the final disposition of the case was, in essence, no different than if the filing of the complaint had been delayed four months. The award of interest for the period of the stay would thus not constitute fair reimbursement to plaintiff for monies withheld and used by defendant. These circumstances presented a sufficiently exceptional case to warrant the court's exercise of its discretion in not allowing interest for this period of time. It was appropriately suggested by the trial judge that imposing this obligation upon defendant would have a punitive effect  a result not intended by the rule. We are satisfied that the allowance sought by plaintiff was properly denied.
As indicated, defendant's claim for the disallowance of prejudgment interest for the period preceding the Johns-Manville bankruptcy was not raised below. No objection was made *132 to the award of such interest. Actually, it has been paid to plaintiff. Inasmuch as the issue was not presented to the trial court and does not involve a matter of great public concern, it will not be considered and passed upon by this court. See Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App.Div. 1959), certif. den. 31 N.J. 554 (1960). However, it seems that any restraint upon defendant's ability to amicably resolve plaintiff's claim because of the indemnification arrangement with Johns-Manville is not such an unusual situation as to constitute an "exceptional case" within the meaning and intent of R. 4:42-11(b).
Accordingly, the order dated November 1, 1983 providing that the final order for judgment shall not include prejudgment interest in the amount of $6,650.19 for the four month period of the court ordered stay is affirmed, and defendant's cross-appeal is dismissed.