204 N.J. Super. 99 (1985)
497 A.2d 919
JOHN S. PAVOLL AND ROBERTA PAVOLL, HIS WIFE, PLAINTIFFS,
v.
ISLAND PETROLEUM AND ROBERT PEARSON, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided May 15, 1985.
*100 Charles Rodgers for plaintiffs (Breslin and Breslin, attorneys).
Christian P. Stueben for defendants.
MINUSKIN, J.S.C.
The issue in this case is whether defendant's delay in notifying its insurance carrier of the filing and service of a complaint is an exceptional circumstance justifying the suspension of the running of prejudgment interest in accordance with R. 4:42-11(b).
Plaintiff filed a complaint on March 16, 1981 for injuries sustained in an automobile accident. Although defendant was duly served, its insurance carrier, Insurance Company of North America (INA), was not notified of the pending action until April 5, 1984, after the entry of a default judgment. On December 7, 1984 that judgment was vacated, and a subsequent jury trial resulted in a $44,000 verdict in favor of plaintiff. Upon the entry of judgment on the verdict, defendant requested a waiver of prejudgment interest, pursuant to R. 4:42-11(b), for the time period between the filing of the complaint and the notification to INA. R. 4:42-11(b) provides as follows:
Except where provided by statute with respect to a public entity or employee, and except as otherwise provided by law, the court shall, in tort actions, including products liability actions, include in the judgment simple interest at 12% per annum on the amount of the award from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest. The contingent fee of an attorney shall not be computed on the interest so included in the judgment.
Prior to its amendment in 1975, the rule did not permit the court to exercise its discretion by withholding prejudgment interest. The amendment was in response to criticism of the rule reflected in Judge Conford's dissent in Busik v. Levine, 63 N.J. 351 (1973), app. dism. 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973), where he said:
The justice of making the defendant pay the claimant for the use of the money declared due during the pendency of the action is as pertinent to the contract or equitable obligor as to the tort obligor. Yet the sanction of interest remains *101 discretionary in the former instances. And for good reason! Experience teaches that in many situations the winner of a money award is nevertheless denied costs by the court because of equities the other way. Why disarm the trial judge of discretion to deny, or to allow only partial prejudgment interest in tort cases when a comparable balance of equities points in that direction? As one of numerous illustrations which might be afforded, there might be intervening appeals between institution of action and final judgment, inordinately protracting the interest-payment period under the rule, yet where the occasion for the appeal was not attributable to acts of the defendant but to those of the trial court of the plaintiff [sic]. Defendant may even have prevailed on such appeals. Must interest be nevertheless inexorably awarded the plaintiff for the entirety of the intervening period before final judgment without the tempering discretion of the judge?
Or suppose the defendant tenders at the outset a settlement offer which the plaintiff unreasonably refuses. Under the rule as framed this is irrelevant to the accrual of the interest. Cf. R. 4:58-3.
The main rationale advanced for the rule is that it merely transfers to the plaintiff interest which defendant or his insurer was drawing on money which theoretically was due the plaintiff the moment the tort took place or the action instituted. But not all tort defendants are insured; many are insured for subsantially [sic] less than the trial award; and many, who are not insured at all or are insufficiently insured, may be relatively impecunious.... In such instances the defendant may not have actually earned interest on the award during the intervening period, or on the total amount of the award, and allowance of prejudgment interest on the whole award could well operate oppressively or unfairly. Surely discretion should be reposed in the trial court in all cases to control the matter. [63 N.J. at 383-384.]
Since the rule amendment, our courts have concluded that circumstances akin to those predicted by Judge Conford may justify the suspending of prejudgment interest. In Carrino v. Novotny, 78 N.J. 355 (1979), where judgment had been rendered against defendant, the court reversed the dismissal of defendant's cross-claim and remanded for trial thereon. The court also suggested that the lapse of time due to the dismissal might be considered in suspending the running of prejudgment interest. Id. at 368.
A similar situation occurred in the more recent case of Dall' Ava v. H.W. Porter Co., 199 N.J. Super. 127 (App.Div. 1985), where delay in litigation because of a court-ordered stay was considered an "exceptional case" permitting the suspension of prejudgment interest. The court specifically disapproved a prior decision which required some fault on the part of plaintiff in order to create an exceptional case. The court said:

*102 While the prejudgment interest rule may be for the benefit of a plaintiff, we discern nothing in the rule or the decisions of our appellate courts which supports the conclusion that an "exceptional case" must be equated with fault on the part of a plaintiff. To the extent that Quinones v. Passaic Boys Club, 183 N.J. Super. 531 [(Law Div. 1982)] stands for that proposition it is overruled. As observed by Judge Conford in his dissent in Busik there are varied situations, not involving fault of a plaintiff, where equitable considerations favor the denial, or partial allowance, of prejudgment interest. The present case presents another such circumstance.
Here, the delay in the completion of the litigation was not due to the conduct of either party, but rather resulted from the court ordered stay due to the bankruptcy proceedings involving Johns-Manville.... As far as the parties were concerned the resulting four month delay in the final disposition of the case was, in essence, no different than if the filing of the complaint had been delayed four months. The award of interest for the period of the stay would thus not constitute fair reimbursement to plaintiff for monies withheld and used by defendant. These circumstances presented a sufficiently exceptional case to warrant the court's exercise of its discretion in not allowing interest for this period of time. It was appropriately suggested by the trial judge that imposing this obligation upon defendant would have a punitive effect  a result not intended by the rule. We are satisfied that the allowance sought by plaintiff was properly denied. [Id. at 130-131.]
Judge Conford's statement that "not all tort defendants are insured, many are insured for substantially less" was the concern of the Court in Kotzian v. Barr, 81 N.J. 360 (1979), which indicated that insufficient insurance coverage justified the disallowance of prejudgment interest. In that case the Court reaffirmed the basic policies underlying the prejudgment interest rule: to compensate plaintiff for income lost due to delayed payment and to encourage prompt consideration of settlement possibilities. The Court noted that:
[T]he original mandatory terms of the Rule were amended precisely for the reasons set forth by Judge Conford in his dissent in Busik, 63 N.J. at 383-85, wherein he urged that the application of prejudgment interest be left to the sound discretion of the trial court. As R. 4:42-11(b) now stands, the exercise of that discretion is to be guided essentially by the aforementioned policies which gave birth to the Rule. [Id. at 363-364]
In the instant case INA, although not notified, was possessed of moneys rightfully belonging to plaintiff. Presumably, INA earned interest on that money for the period of time plaintiff was entitled to it. Failure to accord plaintiff that interest would penalize plaintiff and run contrary to the intent and *103 purpose of the rule. Additionally, permitting the suspension of prejudgment interest where defendant fails to notify its insurance carrier of a pending action favors delay in the ultimate disposition of the suit and runs contrary to the aim of early settlement.
Equitable considerations justifying the exercise of court discretion are usually present when plaintiff is at fault or the litigation is delayed by court order, Dall'Ava, supra., 199 N.J. Super. at 130-131, or where defendant is not fully insured. Kotzian v. Barr, supra. In those situations the imposition of prejudgment interest would be unfair. However, a delay created solely by defendant and its failure to communicate with its insurance carrier where plaintiff is not at fault does not present a hardship which calls for court intervention. The insurance carrier could, under those circumstances, assert a claim against its insured for the delay or disclaim coverage under the terms of its policy. In either event the problem does not involve plaintiff, who should not be prejudiced because of it.
The court concludes that it would be an abuse of its discretion to permit the suspension of prejudgment interest where the delay of the action was caused solely by defendant.
Application to suspend prejudgment interest is denied.